D. S. RAY, ADM'R, v. J. A. S. PARSONS.

In an application for a *certiorari* to the County Court, it is not necessary to show cause for failing to appeal.

That there is " property" in the hands of the administrator, is not sufficient to authorize a peremptory order for the payment of a claim and execution to enforce it.

Where the District Judge is disqualified, a *certiorari* may be ordered by the Judge of another District.

Appeal from Rusk. *Certiorari* to the County Court, obtained by the appellant, to revise an order for the payment of a privileged claim. The *certiorari* was allowed by the Judge of the Fifth District, the Judge of the sixth being disqualified.

It appeared from the statement of facts, that there was property, but no money in the hands of the administrator. The County Court had issued execution.

*Armstrong* and *Evans*, for appellant.

*J. W. Flanagan* and *J. H. Parsons*, for appellee, argued that the *certiorari* was improperly allowed, because it was not shown why the applicant had not appealed; also, that there was no law which authorized the Judge of one District to order writs of *certiorari* in another; and that the judgment was correct on the facts.

WHEELER, J.   It was the undoubted right of the plaintiff to maintain this proceeding, under the Statute, to revise and correct the judgment of the County Court.   (Hart. Dig. Art. 807.) The remedy given by the Statute is concurrent with that by appeal; and to entitle a party to it, it is not necessary that he should assign any excuse for not taking an appeal.   It is as much a matter of course, and of right under the Statute, as the remedy by appeal.

The judgment of the Court, sought to be revised and corrected, appears to have been rendered immediately upon the filing the petition, and without notice to the defendant therein; and consequently was a nullity; unless it be considered as a continuation of the case upon the petition previously filed, calling upon the defendant to make a showing of the condition of the estate, in order that it might be seen whether he had funds in his hands to pay the plaintiff's claim.   If it can be considered as a continuation of the proceedings upon that petition, it then appears to have been rendered upon the report of the administrator, which, with some slight modification, was received and approved by the Court; and if so rendered, it was wholly unauthorized and erroneous.   The report, or exhibit of the condition of the estate, having been approved by the Court, is to be taken to be correct in its representation of the facts,

until shown to have been otherwise; and if correct, the Court erred in proceeding thereupon to render a personal judgment, if it was so intended, or, indeed, any judgment against the administrator, for the immediate payment of the plaintiff's demand. He had not funds in his hands out of which to make payment. In any view the judgment was erroneous.

The County Court, it seems, must have fallen into the error of supposing that, as the administrator had in his hands certain claims and effects belonging to the estate, there were "funds" in his hands, out of which he could be required to make immediate payment, under the provision of the Statute, (Hart. Dig. Art. 1192,) although it appeared by the exhibit, that most of the claims were considered by the administrator as "bad or doubtful." And the jury who tried this case appear to have labored under a like error. For in their verdict they find these claims to be "property" in the hands of the administrator; and the verdict, and judgment therefor, affirming the judgment of the County Court, make the having received these claims, without further evidence to charge the administrator, the basis of condemning him to pay the plaintiff's demand absolutely; and consequently whether he has funds of the estate in his hands or not; or as it is expressed in the judgment of the County Court, "that said claim shall be paid by said administrator, without any reservation whatever." This, if intended as a judgment against the administrator in his representative character, was clearly erroneous; if in his personal, it was wholly unauthorized. It is unnecessary to revise the ruling of the Court upon the admissibility of evidence. The verdict was manifestly against evidence; and should have been set aside. Upon the evidence as presented by the statement of facts, the Court might well have reversed and set aside the judgment of the County Court. But the statement of facts, (if it really deserve to be so considered, and it is treated as such by counsel in argument,) is made out in so apparently careless and incomplete a manner, as to suggest a doubt whether it presents truly the state of case upon which the Court rendered its judgment.

However that may be, the judgment is erroneous, and must be reversed, and the cause remanded.

Reversed and remanded.