## A. J. COUPLAND V. D. TULLAR.

An order of the Probate Court may be revised either by appeal or *certiorari*.

Where proceedings are instituted to revise an order of the County Court, and also to recover damages from the Justice, for making the order, and from another for acting under it, and on the trial the claim for damages is abandoned and a judgment only rendered reversing that of the County Court, without costs as to the parties sued for without damages, such parties are not entitled to bring a writ of error, having no such interest as authorizes them to sue out the writ.

Where a testator appointed, by his will, three executors, and therein exempted them from giving bond and security, and also declared that no action, relative to his estate, should be had in the Probate Court, beyond the registration of his will. The other two having renounced, the County Court refused letters to the third, without his giving bond. This being a decree of the Court in a matter within its jurisdiction, although it may be erroneous, the Judge is not responsible for the error of the judgment, or the consequences that may follow it.

Error from Cherokee. Tried below before Hon. R. A. Reeves.

J. J. Cypert left a will in which the defendant in error with two others, was left executors, exempted, by the terms of the will, from giving bond and security. The other two refused to qualify, and the County Court refused letters to the defendant in error, unless he would execute bond, &c., and

upon his refusal to do so, granted letters with the will annexed to another.

Defendant in error then instituted proceedings to revise the judgment of the County Court, and in connection therewith to recover damages against the Judge of the County Court and the administrator appointed by him.

On the trial, the defendant in error seems to have abandoned his claim for damages, and sought only to reverse the judgment of the County Court, which was done, and no judgment of any kind rendered against the plaintiff in error.

_M. Priest_, for plaintiff in error.

_A. J. Hood_, for defendant in error, cited Hart. Dig. Art. 793 ; Hood on Executors, 35–6 ; 9 Smedes & Marsh, 339.

HEMPHILL, CH. J. The principal ground of the motion to dismiss is that the plaintiff in error is not entitled to the writ, having no such interest within the purview of the Statute as would authorize him to sue out a writ of error. (Hart. Dig. Art. 793.)

The plaintiff in error is the Chief Justice of Cherokee county, and was improperly made a party to this proceeding.

As Judge of the County Court, he had decided in effect that Daniel Tullar, the defendant in error, should not, without giving bond and security, have letters of executorship upon the will of Jesse J. Cypert's dec'd. The testator had appointed two others with the defendant as his executors, and had exempted them from giving bond and security, and had also declared that no action, relative to his estate, should be had in the Probate Court, beyond the registration of his will. The other two executors having renounced the County Court refused letters to the third, who was defendant in error, without bond, and, on the ground, in effect, that the refusal of one

Coupland v. Tullar.

or more of the executors, appointed by a will to accept the trust, makes void the provision exempting the executors from security, so that it will not operate in favor of those who may accept separately and not jointly, as contemplated by the testator at the making of the will. This was the decree of the Court in a matter within its jurisdiction, and though it may have been erroneous, the Judge was not responsible for the errors of the judgment, or the consequences that might flow from this decision. The applicant for the letters of executorship had a double remedy by appeal or *certiorari*, though the former is certainly the proper appellate process, where the object is to revise an order of the County Court, on some special matter, not involving a settlement or a long course of proceedings with reference to estates. After some months of delay, he instituted this suit, the object of which seems as much to recover damages from the Chief Justice and from one Christopher C. Francis, who had in the meantime been appointed, as to have the errors of the judgment corrected on *certiorari* to the District Court.

It appears, however, that the cause coming on for trial was regarded and treated very properly as an ordinary proceeding on *certiorari*.

No attempt was made to recover judgment against the Chief Justice.

No notice was taken of him as a party. The judgment of the Couny Court was reversed in the particular complained of. But there was no judgment against the Judge of that Court.

The costs were ordered to be paid out of the estate.

The Chief Justice should have been dismissed from the suit with his costs. But as there was no judgment against him, as the costs were to come out of the succession, the decree was equivalent in substance to a judgment for him, and that he should go, &c., without day.

There being no judgment against him. He having no interest within the meaning of the Statute in or against the

judgment, there is nothing of which he can complain, nor is there any wrong for which he can demand relief.

The motion to dismiss is sustained.

Writ of error dismissed.