### C. E. Jeter et al. v. The State.

#### No. 122.

**Forfeited Bail Bond—Criminal Case.**

Proceedings on a forfeited bail bond constitute a criminal case, within the meaning of the Constitution and laws of the State, and a Court of Civil Appeals, having only civil jurisdiction, has no jurisdiction therein............................................................................ 557

Certified Question from Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

*C. A. Culberson*, Attorney-General, and *Frank Andrews*, Assistant, on motion to dismiss appeal.—The action is clearly for the forfeiture of an ordinary bail or appearance bond, and is not a "civil case" within the meaning of the Constitution and the laws of this State, and this court has no jurisdiction to hear and determine this appeal. Aber v. Warden, 49 Texas, 377; The State v. Norrell, 53 Texas, 431; Hart v. The State, 13 Texas Cr. App., 556; The State v. Ward, 9 Texas Cr. App., 462; Perry v. The State, 14 Texas Cr. App., 166; Willson's Crim. Stats., sec. 20, 28, and authorities cited.

*T. J. McMinn*, resisting motion to dismiss.—Answering the motion of the State, made by her Attorney-General, filed March 21, 1894, appellants say:

1. This is a "civil case" within the meaning of the Constitution and laws of the State, because the statute provides in unequivocal language that upon issuance of the scire facias the case shall be taken off the criminal docket. Art. 449, Code Crim. Proc. Once off the criminal docket, the criminal court ceases to have jurisdiction. Without jurisdiction, the criminal court could not grant an appeal.

If the case is not upon the criminal docket, no appellate court of purely criminal jurisdiction can take cognizance of the cause. How can appeal be taken from a criminal court to a criminal court without a case upon a criminal docket?

But more than that; the case is put upon the civil docket by direction of the statute, to be governed by the rules of procedure obtaining in "other" civil cases. Is it not then a civil case? Does not civil procedure require that it should follow "other civil cases" on appeal.

A civil case can not go to a criminal court. From a civil docket, appeal is not possible to any other than a civil court.

These sureties are not criminals. They are obligors upon a civil contract—a contract to pay money upon a given contingency; and they are sued upon that contract. They are cited to appear; they are not brought in by criminal process.

If judgment should go against the sureties, no arrest or punishment follows; merely an execution—a purely civil proceeding.

The strongest case for the State, and the one about which the others cluster as merely cumulative authority, is in 13 Texas Criminal Appeals, 555; and in that case it is distinctly held, that it was "the manifest intention" of the Legislature to make this a civil case; but that court (now out of existence, then having a dual jurisdiction, civil and criminal), took cognizance of such matters in face of the statute, because it had been done before.

But it is the clear duty of the court to obey the "manifest intention of the statute."

2. The court should take jurisdiction, because, since the decision cited by State's counsel, a new judicial system has been inaugurated pursuant to constitutional amendment, which in express terms takes civil jurisdiction away from the Court of "Criminal Appeals;" that is now only a court to which the "criminal" appeals.

And more than that; the new Courts of Civil Appeals are now in express terms given jurisdiction of "all civil cases" of which the District and County Courts have original or appellate jurisdiction.

3. And there is a reason lying yet deeper than the considerations already urged, in this, to-wit: Civil government underlies the administration of the criminal laws. Whether or not a court is organized—whether a district is established—precedes the question of the administration of law in that district; and whether or not a district is established is a purely civil question.

An obligation on a forfeited bond arises out of a criminal action; but if no indictment was found—if no jurisdiction attached in the court from which this appeal was taken; if that court was wholly without authority—then no obligation exists, and we are sued upon a paper which had no foundation in a criminal action. And at this point a careful reading of Lytle v. Halff, 75 Texas, 128, is apropos.

That erroneous jurisdiction was once taken by a court now out of existence, is not good reason why the error should be repeated.

BROWN, Associate Justice. — The Court of Civil Appeals for the Fourth Supreme Judicial District has certified to this court the following statement and question:

"The judgment was by the District Court of Bexar County on a forfeited bail bond given in a criminal proceeding, against C. E. Jeter and his sureties, in the sum of $1000, the judgment final being rendered on the 25th day of November, 1893, and the appeal has been taken to this court.

"*Question.*—Has the Court of Civil Appeals jurisdiction of appeals in such cases?"

This is a criminal case within the meaning of the Constitution and laws of the State, and the Court of Civil Appeals has no jurisdiction of an appeal from a judgment rendered in such proceeding. The Supreme Court of this State has decided that a proceeding for the forfeiture of a bail bond is a criminal case. Gay v. The State, 20 Texas, 504; Aber v. Warden, 49 Texas, 377.

The Court of Appeals, as then organized, with criminal and civil jurisdiction, also held that the proceeding was a criminal case, and that the State had no right of appeal from such judgment. Cassady v. The State, 4 Texas Cr. App., 99; The State v. Ward, 9 Texas Cr. App., 462; Hart v.

The State, 14 Texas Cr. App., 555; Perry v. The State, 14 Texas Cr. App., 166.

Appellant urges, that since the adoption of the amendment by which the Courts of Civil Appeals were created, and the Court of Appeals, as it formerly existed, is restricted to appeals in criminal cases, the ruling should be changed. This position is not sound, because as it was then organized the Court of Appeals had jurisdiction of civil cases only which were appealed from the County Courts, and of criminal cases from the District and County Courts. If it was a civil case, then the Court of Appeals, as then organized, would not have jurisdiction of appeals from judgments entered upon forfeited bail bonds in the District Court. The decisions heretofore made in the Court of Appeals and the Supreme Court were made with reference to the criminal jurisdiction of the several courts as then organized, and there is no material difference, so far as it affects this question, in the jurisdiction conferred upon the several courts then and now.

Under the present Constitution and laws, the Courts of Civil Appeals have appellate jurisdiction only of civil cases, combining the jurisdiction before vested in the Court of Appeals and the Supreme Court in such cases. The Court of Criminal Appeals has jurisdiction of all appeals in criminal cases where appeal is allowed from either County Court, District Court, or Criminal District Courts.

In Aber v. Warden, Justice Gould, delivering the opinion of the court, gives these satisfactory reasons for the decision: "The enforcement of such bonds was regarded as incidental to the criminal case in which they are given, and our opinion is that the question in this case is too closely connected with the judgment on the bail bond to be separable from it."

Gay v. The State was an appeal from a judgment on a bail bond in a criminal case, and Judge Wheeler, for the court, said: "A suit on a forfeited recognizance conditioned for a party's appearance to answer to an indictment, it has been held, is not a civil action (citing Commonwealth v. The Commissioners, 8 Sergeant & Rawle, 151). It is, it is said, of a criminal nature; an instrument to coerce the accused to take his trial; a power incident to every criminal court."

It is true that article 449, Code of Criminal Procedure, directs that when a forfeiture of a bail bond or recognizance has been entered, the case shall be put on the civil docket, "and the proceedings had therein governed by the same rules governing other civil cases." The effect of this provision was to prescribe the manner of trial, but did not change the character of the case.

Looking to the different articles of the Code of Criminal Procedure, we find that the forfeiture is declared upon the failure to appear in the criminal case; citation is issued to the sureties, and no service upon the defendant, the principal, is necessary; the trial is had upon the judgment

nisi without any petition, as required in civil suits. The judgment must be entered by the same court that declared the forfeiture. The court may remit all or a part of the bond, upon showing made at any time before final judgment is entered. The Governor has power to remit the penalty after judgment final.

Article 4, section 11, of the Constitution of this State, empowers the Governor, after conviction in criminal cases, except treason and impeachment, to grant reprieves, commutations of punishment, or pardons, "and under such rules as the Legislature may prescribe, he shall have power to remit fines and forfeitures." These are all proceedings peculiarly applicable to criminal cases, and not in force with regard to civil cases.

To hold the proceeding civil would embarrass the administration of justice in many cases, and in the present state of the law absolutely prevent the enforcement of bail bonds and recognizances in many cases. Suppose that a District Court, exercising criminal jurisdiction, should take a bond or recognizance in a sum less than $500, which is often done, and the defendant failed to appear. A forfeiture is declared, and the court having no jurisdiction of amounts less than $500 in civil cases, could not enter final judgment.

Bail bonds and recognizances of witnesses in criminal cases must be enforced in the same manner as such bonds and recognizances of the defendant. Code Crim. Proc., art. 502. If a bail bond or recognizance of a witness in a criminal case in the District Court should be taken for a less sum than $500, and the witness should fail to appear, the court could not enter final judgment, because it would have no jurisdiction of a civil case for an amount less than $500. If a defendant or a witness should fail to appear in one of the Criminal District Courts of the State, that court could not enforce his appearance by collecting the bond or recognizance, because such courts have no jurisdiction in civil cases. There is no provision of law by which such cases may be transferred to any other court for proceeding upon the judgment nisi, and the result would be, under the present law, that no such bail could be collected. As a criminal case, the law is adapted to the enforcement of all such undertakings by the court in which they may be entered into, and the objects of the law can be thus attained.

The character of the case must be determined by its relation to the case in which the bail is given, and the rules prescribed for the enforcement of these obligations and the purpose of requiring them. Judged by these rules, this is a criminal case of which appellate jurisdiction is conferred upon the Court of Criminal Appeals.

Delivered April 16, 1894.