**WILLIAMS et al. v. STATE.**  (No. 7249.)

Court of Civil Appeals of Texas. Austin. July 14, 1928.

Rehearing Denied Sept. 10, 1928.

John C. Wall, of San Antonio, and John W. Hornsby, of Austin, for plaintiffs in error.

J. D. Moore, of Austin, for the State.

McCLENDON, C. J. This is an appeal by writ of error from a final judgment on a judgment nisi forfeiting a bail bond. Defendant in error has moved to dismiss on the ground that the Court of Criminal Appeals alone has jurisdiction to review a judgment of this character. We sustain this motion upon the authority of Gay v. State, 20 Tex. 504; Aber v. Warden, 49 Tex. 377; Jeter v. State, 86 Tex. 555, 26 S. W. 49.

Plaintiffs in error concede the binding effect of these decisions, but contend that the procedure by scire facias prescribed in articles 424–440 of the Code of Criminal Procedure was not followed, but that the action upon the judgment nisi was brought in the form of a civil suit; that the cited articles of the Code of Criminal Procedure are exclusive; that the judgment appealed from is therefore void and subject to review by the civil appellate courts.

The record does not bear out this statement. It shows that the petition for final judgment on the judgment nisi made the allegations provided for in the Code of Criminal Procedure, prayed for citation of the sureties to show cause why the judgment nisi should not be made final, and that final judgment be rendered against the sureties in the absence of a showing of good and sufficient cause. Each of the sureties filed a general demurrer and general denial, and upon trial the court rendered judgment, "that the said judgment nisi and forfeiture be, and same is hereby made final and absolute"; and thereupon judgment was rendered against the sureties for the penal amount of the bond.

The citation to the sureties does not appear in the record, but the judgment recites citation as provided by the Code of Criminal Procedure, and the sureties appeared as stated by answers filed.

The record clearly shows that the proceeding was none other than that provided for under the cited articles of the Code of Criminal Procedure, and under the above authorities can be reviewed only by the Court of Criminal Appeals. Whether there are any irregularities in the record are matters which can only be reviewed in that court. The motion is granted, and the appeal is dismissed.

Motion granted. Appeal dismissed.