**Lillian BOYD et al., Appellants,**

v.

**Ed DEAN et al., Appellees.**

**No. 7621.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 31, 1974.

Joe Bob Golden, Jasper, Robert A. Scardino, Houston, for appellant.

Addington, McGraw & Lawlis, Jasper, for appellee.

KEITH, Justice.

█ The only question involved in this appeal is one of jurisdiction and the question may be stated in this form: Does the district court have appellate jurisdiction to hear and determine an appeal from a constitutional county court in a contested probate proceeding determined after the effective date of amended Tex.Prob.Code Ann. § 5 (Supp.1974) V.A.T.S.? We answer the question in the negative for the reasons now to be stated, and affirm the order of dismissal entered by the district court.

On December 14, 1972, appellees filed an application for probate of the last will and testament of William T. Linson, deceased, and the will was admitted to probate. Appellees qualified as independent executors thereof on December 26, 1972. Appellants filed their motion to set aside the order admitting the will to probate by an instrument filed on January 12, 1973. Issue having been joined on appellants' motion, the same was denied by the constitutional county court of Jasper County by an order entered at the conclusion of the hearing on March 21, 1974. Appellants gave notice of appeal to the district court of Jasper County, filed their bond, etc., and the cause was docketed in the district court. The district court sustained appellees' plea to the jurisdiction and dismissed the cause, from which order this appeal has been perfected.

At the time appellants filed their motion to set aside the order admitting the will to probate and record, only the constitutional county court of Jasper County had original jurisdiction to *hear* and *determine* the subject matter of the suit. Vernon's Texas Rev.Civ.Stat.Ann. art. 5534 (1958). Cf.,

Atkins v. Rayburn, 506 S.W.2d 208, 209 (Tex.1974). But, before the cause was determined in the county court, extensive jurisdictional changes had been effected by the adoption of the amendment of Tex. Const. art. V, § 8, Vernon's Ann.St., and the legislative change in Tex.Prob.Code Ann. § 5.[1]

The constitutional mandate was broad in scope, authorizing the legislature:

"[T]o increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters, and in cases of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change. The legislature shall have power to adopt rules governing the filing, distribution and transfer of all such cases and proceedings as between district courts, county courts, and other courts having jurisdiction thereof, and may provide that all appeals in such matters shall be to the courts of (civil) appeals."

The first paragraph of amended Tex. Prob.Code Ann. § 5 (Supp.1974), defining the jurisdiction of the district court in probate matters, deleted this language appearing therein: ". . . appellate jurisdiction and general control over the county court in all probate matters."

Next, it was provided: "In those counties in which there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, the district court, *concurrently* with the county court, shall have the general jurisdiction of a probate court."[2] (emphasis supplied)

---

1. This procedural statutory amendment was adopted conditionally, to take effect only if the proposed constitutional amendment "is adopted by the qualified electors." Acts 1973, 63rd Leg., ch. 610, § 3 at 1685. The amended legislation became effective seventeen days after the election, i. e., on November 23, 1973. Tex. Election Code Ann. art. 8.38, V.A.T.S., (1967). Wilson v. State, 15 Tex.App. 150, 153 (1883); Torres v. State, 161 Tex.Cr.R. 480, 278 S.W.2d 853, 855 (1955).

2. We take judicial notice that Jasper County has a constitutional county court but has no "statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court." Duclos v. Harris County, 114 Tex. 147, 263 S.W. 562, 563 (1924). See also, 1 C. McCormick & R. Ray, Texas Law of Evidence §§ 182–183, at 199–201 (2d ed. 1956).

This second paragraph of the amended statute also provided for the transfer of contested probate proceedings from the constitutional county court to the district court by "the judge of the county court on his own motion, or the parties by agreement may transfer such proceeding to the district court, which may then hear such proceeding as if originally filed in such court." This case was *not* transferred to the district court for hearing.

In the clearest possible language, the legislature provided that: "In such counties all final orders in such matters shall be appealable to the courts of (civil) appeals." This language governed the final order entered by the constitutional county court of Jasper County in this contested probate proceeding. Only this court—and not the district court of Jasper County—had appellate jurisdiction over this cause.[3]

█ Statutes giving and regulating the right of appeal are recognized as being remedial in nature [Lawyers Lloyds of Texas v. Webb, 137 Tex. 107, 152 S.W.2d 1096, 1098 (1941)], and such statutes will not be applied retrospectively unless it appears by fair implication from the language used that it was the intention of the legislature to make it applicable to both past and future transactions. State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W.2d 707, 708 (1943). But, as said in Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905, 907 (1924):

"This is a procedural statute. It is the settled law that a litigant has no vested right in a remedy, and that remedial statutes are valid and control the litigation from the date they become a law, and all proceedings taken thereafter must be under the new law."

See also, Regal Properties v. Donovitz, 479 S.W.2d 748, 750 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.); Brooks v. Texas Employers Insurance Association, 358 S.W.2d 412, 415 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.).

█ Appellants cite to us many cases enunciating the generally accepted rule that the right of appeal should not be defeated by a strained construction of statutes but that such statutes should be construed liberally in favor of the appeal.[4] We recognize the rule but do not reach the result postulated by appellants. We are not permitted to give a liberal construction where the law is expressed in plain and unambiguous language; we must follow the law as it is so clearly written. Second Injury Fund v. Keaton, 162 Tex. 250, 345 S.W.2d 711, 714 (1961).

█ The constitutional county court had and maintained jurisdiction over this contested probate proceeding since the suit was filed before the effective date of the statute. Atkins v. Rayburn, supra (506 S.W.2d at 209). The amended statute did not destroy the right of appeal; it simply changed the court having appellate jurisdiction of the appeal. See and compare Hogan v. G., C. & S. F. Railway Company, 411 S.W.2d 815, 816 (Tex.Civ.App.—Beaumont 1966, writ ref.). Appellants were charged with notice of the change in the appellate jurisdiction of the courts by the

3. In Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326, 331 (1907), the Court said: "In Brownsville v. Basse, 43 Tex. [440] 449, this court defined appellate jurisdiction as follows: 'Appellate jurisdiction * * * is defined to be the power and authority conferred upon a superior court to rehear and determine causes which have been tried in inferior courts.' "

4. See, e. g., Federal Underwriters Exchange v. Bailey, 175 S.W.2d 618, 620 (Tex.Civ.App. —Dallas 1943, writ ref'd w. o. m.); Hamill v. Samuels, 104 Tex. 46, 133 S.W. 419, 421 (191); Hunt v. Wichita County Water Improvement Dist. No. 2, 147 Tex. 47, 211 S.W.2d 743, 744 (948); Pratley v. Sherwin-Williams Co. of Texas, 36 S.W.2d 195, 197 (Tex.Comm'n App.1931, holding approved); Harding v. City of Raymondville, 58 S.W.2d 55, 56 (Tex.Comm'n App.1933, jdgmt. adopted); Missouri-Kansas-Texas R. Co. v. Thomason, 280 S.W. 325, 327 (Tex.Civ.App. —Austin 1926, writ ref'd); Combined American Ins. Co. v. Morgan, 207 S.W.2d 701, 702 (Tex.Civ.App.—Dallas 1947, no writ).

**756**

adoption of the constitutional amendment and the statute. *Popham v. Patterson*, 121 Tex. 615, 51 S.W.2d 680, 683 (1932).

We review only an appeal from the order of dismissal of the attempted appeal from the constitutional county court to the district court; our appellate jurisdiction under amended Tex.Prob.Code Ann. § 5 (Supp.1974) has not been invoked by appellants. Since the district court had no jurisdiction to hear the attempted appeal, its order of dismissal was proper; it is affirmed.