**Jaqueline Sue BUTTS et al., Appellants,**

v.

**Beverly Jo AILSHIE, Independent Executrix of the Estate of Jay H. Ailshie, Deceased, Appellee.**

No. 6435.

Court of Civil Appeals of Texas,
El Paso.

March 12, 1975.

Harold Duncan, El Paso, for appellants.

Allan L. Poage, El Paso, for appellee.

## OPINION

WARD, Justice.

The Last Will and Testament of Jay H. Ailshie, deceased, was admitted to probate on July 2, 1974, in the County Court at Law No. One, El Paso County, Texas, and Appellee qualified as Independent Executrix of the Estate. Appellants gave notice of appeal to the 65th District Court of El Paso County, filed proper bond, and in said District Court filed their contest to the application to probate. The District Court thereafter dismissed the appeal and it is from this order that the appeal to this Court is made. Affirmed.

This case is controlled by the terms of the third paragraph of Section 5 of the Texas Probate Code, V.A.T.S., as amended, which applies to El Paso County where there are three statutory County Courts at Law as well as the constitutional County Court. "In such counties all final orders in such matters (applications and petitions regarding probate) shall be appealable to the courts of (civil) appeals." This amendment became effective in November, 1973, when the constitutional amendment authorizing it was adopted. Tex.Const. art. V, § 8, Vernon's Ann.St.

The proceedings to probate the Will in question were initiated in the County Court at Law No. One after the amendment to Section 5 was in effect. That was not the same situation as existed in Boyd v. Dean, 515 S.W.2d 753 (Tex.Civ.App.—Beaumont 1974, no writ). However, the disposition made in that case controls the present one. The amended statute changed the court having appellate jurisdiction over those Courts of El Paso County exercising probate jurisdiction to this Court of Civil Appeals.

■ Section 28 of the Texas Probate Code insofar as it conflicts with Section 5 has been repealed by implication. The Rules of Civil Procedure relating to appeals to this Court govern the appellate steps to be taken. The clear and unambiguous language of Section 5 so dictates. Boyd v. Dean, supra.

■ The District Court had no jurisdiction over the attempted appeal. Its order of dismissal was correct regardless of the reasons urged in the lower Court. The judgment is affirmed. Appellate Procedure in Texas § 18.20(2).