Margaret Joe Ballenger CLUCK, Relator,

v.

Darrell HESTER, Judge, et al., Respondents.

No. B–5023.

Supreme Court of Texas.

April 16, 1975.

Rehearing Denied May 14, 1975.

Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, Gary Gurwitz and Morris Atlas, McAllen, for relator.

McGinnis, Lochridge & Kilgore, Shannon H. Ratliff and David L. Orr, Austin, for respondents.

REAVLEY, Justice.

This original mandamus proceeding seeks an order to the Judge of the 197th District Court to dismiss an application for writ of certiorari, which application attacks an order of the County Court of Cameron County denying the probate of a will. The question is whether Sec. 30 of the Texas Probate Code, V.A.T.S., is presently in force despite the 1973 amendments to Art. V, Sec. 8 of the Texas Constitution, Vernon's Ann.St., and to Sec. 5 of the Texas Probate Code.

The parties are the grandchild and the children of Joe G. Ballenger, who died on October 8, 1971. The relator is the grandchild, Margaret Joe Ballenger Cluck. Her three uncles and aunt (Joe Davis Ballenger, William Thomas Ballenger, Robert Burton Ballenger, Sr. and Katherine Ethel Ballenger Fairchild) are respondents, who on December 14, 1971, obtained an order appointing them executors of the estate of the deceased and admitting to probate a will executed on March 17, 1964. The relator then filed petition to set aside the

probate of that will. Trial before a jury was held in the County Court of Cameron County where it was found that the March 17, 1964 will was executed as the result of undue influence. That will was declared null and void by the statutory county court in its judgment of June 28, 1974. Joe Davis Ballenger et al then filed an application for a writ of certiorari in the 197th District Court of Cameron County. The application attacks the undue influence determination and insists upon trial in the District Court. Relator Margaret Cluck met the application with a plea to the jurisdiction in which she maintained that the District Court no longer has any form of appellate jurisdiction in probate matters. The Honorable Darrell Hester, Judge of the 197th District Court, denied the plea and set the case for trial. Relator then sought relief from the Supreme Court.

Prior to 1973 the Constitution (Art. V, Sec. 8) provided for appellate jurisdiction in probate matters in the district court. The Probate Code reiterated the appellate jurisdiction of the district court in Sec. 5, provided for right of appeal from probate court to district court in Sec. 28, and also provided by Sec. 30 that the proceeding of the county court could be corrected by certiorari. There was criticism of the resulting dual trials of the same matters in county and district courts. Allen, Probate Practice and Procedure, 7 Tex.B.J. 306 (1944); 17 Woodward and Smith, Texas Practice, § 119 (1971). The Texas Civil Judicial Council recommended "that all contested probate matters, which, under the present system, would be subject to a de novo trial, should be tried in the first instance in the District Court. . . ." Forty-First Annual Report, Texas Civil Judicial Council, p. 18 (1969).

In 1973 the Legislature passed S.J.R. 26 to amend Art. V. Sec. 8 of the Constitution "by adding a paragraph. . . ." The prior paragraphs of this section remained in effect, including the language that the "District Court shall have appellate jurisdiction and general control in probate mat-

ters," but the language of the amendment, approved by popular vote in November of 1973, clearly gave the Legislature the power to decide the matter and to confer original and appellate jurisdiction. The amendment provided, in part:

. . . In any proceeding involving the general jurisdiction of a probate court, including such specified proceedings, the district court shall also have all other jurisdiction conferred upon the district court by law. The legislature, however, shall have the power, by local or general law, Section 16 of Article V of this Constitution notwithstanding, to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters, and in cases of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change. The legislature shall have power to adopt rules governing the filing, distribution and transfer of all such cases and proceedings as between district courts, county courts, and other courts having jurisdiction thereof, and may provide that all appeals in such matters shall be to the courts of (civil) appeals.

The Legislature also passed H.B. 1398, Acts 1973, 63rd Legislature, Reg.Sess., ch. 610, its effectiveness contingent upon passage of the constitutional amendment, which Act amended Secs. 5 and 21 of the Probate Code. The change in Sec. 21 gave the right to trial by jury in contested probate proceedings, whatever the court. The new Sec. 5 permitted transfer of contested probate proceedings from the constitutional county court to the district court in those counties without a statutory county court. All statutory county courts, except county criminal courts, were given jurisdiction to hear probate matters. In all counties it was provided that "all final orders in such matters shall be appealable to the courts of (civil) appeals."

The Legislature has not acted directly upon Sec. 28 of the Probate Code, which

provides for the right of appeal from probate court to district court, or upon Art. 1907, Vernon's Ann.Civ.St., which reads: "District courts shall have appellate jurisdiction and general control in probate matters over the county courts," or upon Sec. 30 of the Probate Code, which provides for correction and revision of proceedings in probate by certiorari.

■ The relator argues that the district court no longer has any form of appellate jurisdiction and that the three statutory provisions named in the preceding paragraph were repealed by implication when Sec. 5 of the Probate Code was amended, since these are irreconcilable. If a statute cannot be reconciled with a new enactment, the latest act of the Legislature prevails. Art. 5429b-2 Sec. 3.05(a), Vernon's Ann. Civ.St. (Supp.1975). Although the amended Sec. 5 of 1973 does not say, expressly, that final judgments are appealable *only* to the courts of civil appeals, that is the most reasonable construction to be given the language that final orders "*shall* be appealable" to the courts of civil appeals, especially when the Legislature at the same session was passing the resolution for amendment of the Constitution to give the Legislature authority to "provide that *all appeals* in such matters shall be to the courts of (civil) appeals." Boyd v. Dean, 515 S.W.2d 753 (Tex.Civ.App.1974, no writ). We can accept the contention that the 1973 amendment of Sec. 5 is irreconcilable with Sec. 28 and that the right of appeal from probate court to district court no longer exists.

The critical question is whether Sec. 30 was repealed by the 1973 amendment of Sec. 5. Are these in irreconcilable conflict —so inconsistent that the passage of Sec. 5 by necessary implication abrogated Sec. 30? To so hold would require us to say that the proceeding of appeal and that of certiorari are one and the same and to say that when the Legislature struck down one it must have intended to strike down the

other. The history of these two methods of review will not permit that conclusion.

The first Congress of the Republic of Texas provided for a right of appeal from the probate orders of the county court to the district court. Acts 1836, First Congress, p. 148, Sec. 26, 1 Gammel, Laws of Texas 1208. Except for the brief period of Reconstruction, the remedy of appeal has been available continuously since 1836. Acts 1836, *supra*; Acts 1840, Fourth Congress, p. 110, Sec. 43, 2 Gammel, Laws of Texas 284; Hartley's Digest, Art. 1037; Acts 1846, First Leg., p. 308, Sec. 16, 2 Gammel, Laws of Texas 1614; Acts 1848, Second Leg., p. 234, Sec. 123, 3 Gammel, Laws of Texas 235; Acts 1848, Second Leg., p. 285, Sec. 39, 3 Gammel, Laws of Texas 285; Acts 1876, 15th Leg., p. 128, 8 Gammel, Laws of Texas 964; Acts 1876, 15th Leg., p. 175, 8 Gammel, Laws of Texas 1011; Rev.Stat.1879, Arts. 2200, 2707; Rev.Stat.1895, Arts. 2255, 2789; Rev.Stat. -1911, Arts. 3631, 4290; Rev.Stat.1925, Arts. 3698, 4318. The Second Session of the Texas Legislature provided for the revision and correction of proceedings of the county courts pertaining to the estates of decedents and wards by application for writ of certiorari to the district courts within two years after the proceedings were had in the county court. Acts 1848, Second Leg., p. 106, ch. 95, 3 Gammel, Laws of Texas 106. Certiorari has been provided by the statutes since 1848. Hartley's Digest, Arts. 807, 808; Rev.Stat. 1879, Arts. 290, 2718; Rev.Stat.1895, Arts. 332, 2800; Rev.Stat. 1911, Arts. 733, 4301; Rev.Stat.1925, Arts. 932, 4329. When the Texas Probate Code of 1955 was enacted, it carried forward these two distinct proceedings in Sec. 28 (right of appeal) and Sec. 30 (certiorari). Acts 1955, 54th Reg. Sess., ch. 55.

■ The courts of Texas, following the common law as well as the dual statutory provisions, have recognized appeal and certiorari as concurrent and alternative remedies. In Schwind v. Goodman, 221 S.W.

579 (Tex.Comm.App.1920), Judge McClendon wrote:

. . . The proceeding by certiorari is direct and appellate in its nature; but there is this essential difference between an appeal by certiorari and an ordinary appeal from the probate to the district court. An appeal removes the matter complained of to the district court for trial de novo as a matter of right; whereas certiorari reviews the action of the probate court for errors committed by that court. The trial in the district court, it is true, is de novo, but the issues are confined to errors of the county court specifically set forth in the application for the writ; and, unless there be error, the order or decision of the county court will not be disturbed.

The writ of certiorari was known to the common law before statutes authorizing and defining its use and application were enacted, and it seems to be well settled that—

"Except where so made by statute, the writ of certiorari as used to correct the proceedings of inferior tribunals is not a writ of right, but issues only on special cause shown to the court to which application is made, and the court is vested with judicial discretion to grant or refuse the writ as justice may seem to require.

"If the error is manifest and substantial injury has been sustained, the writ should be allowed; but the court will not award the writ where the errors complained of are merely informal and technical, or where, although there is error in fact, substantial justice has been done, and no appreciable injury has resulted to the complaining party." 6 Cyc. 748, 749. (221 S.W. 580)

It has never been necessary to give any excuse for not taking an appeal in order to obtain review by certiorari, since the one has been as much a matter of right under the statutes as the other. Ray v. Parsons, 14 Tex. 370 (1855); Coupland v. Tullar, 21 Tex. 523 (1858); Smithwick v. Kelly, 79 Tex. 564, 15 S.W. 486 (1891); Friend v. Boren, 43 Tex.Civ.App. 33, 95 S.W. 711 (1906, writ ref'd). Separate rules of procedure have been provided. Rules 332–339 (appeal). Rules 344–351 (certiorari).

In Titus v. Latimer, 5 Tex. 433 (1849) the Supreme Court had before it the question of whether an appeal might be taken from a justice of the peace to the district court. The Court held that the district court was not given jurisdiction by the words of the Constitution that conferred "a general superintendence and control over inferior jurisdictions." This constitutional provision meant that the district court could exercise control by writs of certiorari, mandamus, quo warranto, injunction and prohibition, but it did not confer "appellate jurisdiction" upon the district court.

■ Texas courts have made the distinction between appeal and certiorari too often and too long for us to regard them as synonymous. In view of this distinction and the choice which the Texas law has permitted between the two, the elimination of appeal in 1973 cannot be said to have necessarily eliminated certiorari. 17 Woodward and Smith, Texas Practice, Sec. 120 (Supp.1975).

We hold that Art. 1907, Vernon's Ann. Civ.St., and Sec. 30 of the Probate Code, remain in effect. There being no cause shown why the District Judge lacks jurisdiction of the application for writ of certiorari, the petition for mandamus is denied.