**Bernice LECHOW, Appellant,**

v.

**Edna MOORE, Appellee.**

**No. 12305.**

Court of Civil Appeals of Texas, Austin.

June 18, 1975.

Bill Bender, Seguin, for appellant.

T. Paul Bulmahn, Austin, for appellee.

SHANNON, Justice.

The last will and testament of James L. Moore, deceased, was admitted to probate on February 11, 1974, in the county court of Hays County. Appellee, Edna Moore, the widow of the deceased, and the successful proponent of the will, qualified as executrix of the estate. Appellant, Bernice Lechow, a daughter of the deceased, gave notice of appeal, filed a bond for appeal to the district court of Hays County, and filed the record made in the county court with the district clerk. Upon appellee's motion, the district court entered a judgment dismissing appellant's appeal for want of jurisdiction. It is from that judgment that appellant appeals to this Court. We will affirm the judgment of dismissal.

 The right of appeal from probate court to district court no longer exists. Cluck v. Hester, 521 S.W.2d 845 (Tex.1975); Boyd v. Dean, 515 S.W.2d 753 (Tex.Civ.App. 1974, no writ); Butts v. Ailshie, 521 S.W.2d 155 (Tex.Civ.App.1975, no writ).[1]

Before 1973, Tex.Const. Art. V, § 8, Vernon's Ann.St. made allowance for appellate jurisdiction in probate matters in district courts. Likewise before 1973, Tex.Prob. Code Ann. § 5, V.A.T.S. provided that the ". . . district court shall have appellate jurisdiction and general control over the county court in all probate matters . . ." Tex.Prob.Code Ann. § 28 stated that, "Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the court shall have the right to appeal therefrom to the district court of the county."

Tex.Const. Art. V, § 8 was amended by popular vote in November of 1973. That amendment empowered the legislature to increase, diminish, or eliminate the jurisdiction of either the district court or the county court in probate matters. Tex.Prob.Code Ann. § 5 was amended in 1973 to provide "in the clearest possible language" that all final orders in applications, petitions, and motions regarding probate ". . . shall be appealable to the courts of (civil) appeals." Boyd v. Dean, *supra*. The amendment of § 5 repealed § 28 by implication. Cluck v. Hester, *supra*; Butts v. Ailshie, *supra*.

Because the district court of Hays County had no jurisdiction to entertain appellant's attempted appeal, that court's judgment of dismissal is affirmed.

Affirmed.

---

1. Probate proceedings in the county court may be reviewed in district court by way of writ of certiorari. Tex.Prob.Code Ann. § 30, Cluck v. Hester, *supra*.