**Margaret Joe Ballenger CLUCK,
Appellant,**

v.

**Joe Davis BALLENGER et al., Appellees.**

**No. 1106.**

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 21, 1976.

Rehearing Denied Nov. 24, 1976.

Harry L. Hall, Charles C. Murray, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellant.

David L. Orr, McGinnis, Lochridge & Kilgore, Austin, Orrin Johnson, Johnson & Davis, Harlingen, for appellees.

## OPINION

BISSETT, Justice.

The issue presented by this appeal is whether the district court had jurisdiction of an appeal by certiorari from the probate court. On November 23, 1971, Joe Davis Ballenger, et al (the sole surviving children of Joe G. Ballenger, deceased), appellees in this appeal, filed an application to probate an instrument, dated March 17, 1964, purporting to be the last will and testament of Joe G. Ballenger, deceased. The instrument was duly admitted to probate by order of the County Court of Cameron County, Texas, sitting in probate, on December 14, 1971. On October 5, 1973, Margaret Joe Ballenger Cluck (the only child of a deceased son of Joe G. Ballenger, deceased), appellant in this appeal, filed a contest in the probate court to set aside the probate of the March 17, 1964 will. Following a jury trial, judgment was rendered on June 28, 1974, which set aside the probate of the March 17, 1964 will and declared the will to be void.

Thereafter, on July 2, 1974, the appellees filed an application for certiorari in the District Court of Cameron County, Texas, wherein they sought to revise and correct the order made by the probate court on June 28, 1964. The appellant filed a plea to the jurisdiction, wherein she pled that the District Court no longer had jurisdiction to hear and determine appeals in probate matters. The plea was denied. Certiorari was granted, and the cause was set for trial. The appellant then filed a petition for mandamus in the Supreme Court to require the District Judge to dismiss the appellees' application for a writ of certiorari. The petition was denied on April 16, 1975. See *Cluck v. Hester,* 521 S.W.2d 845 (Tex.Sup. 1975).

On October 20, 1975, the appellant filed an amended answer in the district court, where, among other defenses, she again pled that the district court was without jurisdiction of the certiorari proceedings because of the repeal by the Legislature of Tex.Prob.Code Ann. § 30 and Tex.Rev.Civ. Stat.Ann. art. 1907, effective June 21, 1975. The plea was denied and the cause proceeded to trial before the court. Judgment was rendered on December 11, 1975. In that judgment, the order of the probate court of June 28, 1974 was set aside and the order of the probate court of December 14, 1971, which admitted the March 14, 1964 will to probate as the last will and testament of Joe G. Ballenger, Deceased, was reinstated. Margaret Joe Ballenger Cluck has duly and

timely perfected an appeal from the judgment of the district court.

■ After the approval of the amendment to Article V, Sec. 8 of the Texas Constitution, adopted November 8, 1973, and the enactment of H.B. 1398, Acts 1973, 63rd Legislature, ch. 610, p. 1684, which amended Tex. Prob. Code Ann. § 5 and § 21, effective November 8, 1973, the right of appeal under the provisions of Tex. Prob. Code Ann. § 28, from the probate court to the district court was abolished. Our Supreme Court, in *Cluck v. Hester*, supra, while holding that "the 1973 amendment of Section 5 is irreconcilable with Section 28 and that the right of appeal from probate court to district court no longer exists", also held that the "elimination of appeal in 1973 cannot be said to have necessarily eliminated certiorari", and that Tex. Prob. Code Ann. § 30 was not affected by the 1973 amendments.

The 64th Legislature, by the passage of S.B. 534, Acts 1975, Regular Session, ch. 701, p. 2195, effective June 21, 1975, expressly repealed Tex. Prob. Code Ann. § 30 and Tex.Rev.Civ.Stat.Ann. art. 1907. The appellant contends that the repeal of Section 30 of the Code prior to the rendition of the judgment here appealed deprived the District Court of Cameron County of all appellate jurisdiction in probate proceedings, and the District Court's only jurisdiction in this case was to dismiss the certiorari proceedings for want of jurisdiction. The appellees assert that the Act did not deprive the District Court of Cameron County of jurisdiction to render the judgment that was signed on December 11, 1975, because the Act did not affect cases (such as this case) where the appeal by certiorari had been perfected prior to June 21, 1975, the effective date of the Act.

■ This case is controlled by the rule of *Atkins v. Rayburn*, 506 S.W.2d 208 (Tex. Sup.1974). There, Jean Small appealed five orders of the probate court to the district court. The appeals were perfected in accordance with the provisions of Tex. Prob. Code Ann. § 28, and were perfected prior to the effective date of the 1973 constitutional and statutory amendments. Jerry K. Atkins sought a dismissal on the ground that the amendments of 1973 deprived the district court of jurisdiction of the appeals filed by Jean Small. The motion to dismiss for want of jurisdiction was denied by the district judge, and Jerry K. Atkins, the relator in the Supreme Court, instituted mandamus proceedings in the district court to compel the district judge to dismiss the probate appeals filed by Jean Small, the respondent. Leave to file a petition for a writ of mandamus was denied. The Supreme Court held:

" . . . Mrs. Small perfected all of her appeals from the probate court prior to the effective date of the new amendment; therefore, her appeals to the district court are not affected by the amendment. See *Gulf Oil Corporation v. Outlaw*, 136 Tex. 281, 150 S.W.2d 777 (1941). . . ."

That rule applies to the case at bar. The appeal by certiorari proceedings had been perfected by the appellees prior to the effective date of the repeal of Tex. Prob. Code Ann. § 30; therefore, the certiorari proceedings were not affected by the repeal. The District Court of Cameron County had jurisdiction of the appellees' appeal by certiorari on December 11, 1975, when the judgment which had been appealed was signed and rendered. Any other holding would put this Court in conflict with the holding of the Supreme Court in *Atkins v. Rayburn*, supra.

We have carefully considered all of the points of error brought forward by the appellant. They are all overruled.

The judgment of the trial court is AFFIRMED.