**Dorothy R. STAEHLING, Appellant,**

v.

**Lillian Hazel SCHNEIDER, Appellee.**

No. 16764.

Court of Civil Appeals of Texas,
Houston (1st Dist.)

Dec. 23, 1976.

Rehearing Denied Jan. 20, 1977.

Percy Foreman, Levert J. Able, Tom F. Coleman, Jr., Houston, for appellant.

Childress, Port & Crady, Charles C. Crady, III, Gail Borden Tennant, Jr., Houston, for appellee.

EVANS, Justice.

The primary question in this case is whether the repeal of Section 30 of the Texas Probate Code, which authorized writ of certiorari review in the district court of probate proceedings, resulted in a loss of the district court's jurisdiction over a writ of certiorari which had already been perfected and which was pending in the district court at the time the statute was repealed.

The appeal by writ of certiorari was perfected in the district court in August 1973. Section 30 of the Texas Probate Code was repealed effective June 21, 1975. On March 30, 1976, appellee filed a plea to the jurisdiction of the district court which it sustained. This appeal is from the district court's order dismissing the cause for want of jurisdiction.

In *Gulf Oil Corporation v. Outlaw,* 136 Tex. 281, 150 S.W.2d 777 (1941), notice of appeal from a final judgment entered July 14, 1938, had been given but had not been perfected. A writ of error was subsequently perfected in the court of civil appeals on March 17, 1939. Subsequently, a repealing statute (Article 2249a, Vernon's Ann.Civ. St., effective January 1, 1940) provided that a party who had participated in person or through his attorney in the trial of the case was no longer entitled to review by the court of civil appeals through the means of writ of error. The court of civil appeals thereafter rendered its judgment in the case on January 18, 1940, and on rehearing a motion was made to dismiss the appeal for want of jurisdiction. The court of civil appeals denied the motion to dismiss, holding that the right of appeal was constitutionally guaranteed and could not be denied by the legislature. (137 S.W.2d 787, Tex. Civ.App.—El Paso, 1940). The Texas Commission of Appeals reversed the decision of the court of civil appeals on other grounds, but held that the jurisdictional ruling of the

appellate court was correct. On this point Commissioner German stated:

"After mature consideration it is announced as the conclusion of the Court that the Act mentioned was not intended to apply to causes where appeal by writ of error was fully perfected prior to the effective date of same, to wit, January 2, 1940. In this instance appeal had been perfected in the Court of Civil Appeals before the Act was ever passed by the legislature. While not approving the reasoning of the Court of Civil Appeals upon this question, its judgment in this respect is sustained." 136 Tex. 281, 150 S.W.2d at 778.

In *Atkins v. Rayburn,* 506 S.W. 2d 208 (Tex.1974), a mandamus action was brought to compel the district court to dismiss five probate court appeals on the ground that the amendment of Section 8 of Article V of the Texas Constitution, and Section 5 of the Probate Code effective November 6, 1973, lodged jurisdiction of appeals from probate proceedings in the courts of civil appeals and thus deprived the district court of jurisdiction. The Texas Supreme Court, citing *Gulf Oil Corp. v. Outlaw,* supra, held that since all of the appeals had been perfected prior to the effective date of the amendment, the jurisdiction of the district court was not affected by the amendment.

In a recent case involving a situation practically identical with that before this court, the Corpus Christi Court of Civil Appeals held that the repeal of Section 30 of the Texas Probate Code did not deprive the district court of jurisdiction over a perfected appeal by writ of certiorari. *Cluck v. Ballenger,* 543 S.W.2d 159 (1 Texas Court Reports 992, October 21, 1976, no writ). As in the case before this court, an appeal by writ of certiorari had been perfected to the district court prior to the effective date of the repeal of Section 30, Texas Probate Code. The district court denied the plea to the jurisdiction and proceeded to trial. Affirming the district court's judgment, the court of civil appeals through Justice Bissett stated:

"This case is controlled by the rule of *Atkins v. Rayburn,* 506 S.W.2d 208 (Tex. 1974) . . . The appeal by certiorari proceedings had been perfected by the appellees prior to the effective date of the repeal of Tex.Prob.Code Ann., § 30; therefore, the certiorari proceedings were not affected by the appeal . . . Any other holding would put this Court in conflict with the holding of the Supreme Court in *Atkins v. Rayburn,* supra."

■ Generally, where a right of action or a remedy is derived from a statute which is subsequently repealed, and the repealing statute contains no savings clause in favor of pending suits, the right of action or remedy is lost unless relief has been granted before the effective date of the repeal. For example, the repeal of a statute authorizing the right to proceed against parents for the wilful torts of their children was held to abolish the right. *Aetna Ins. Co. v. Richardelle,* 528 S.W.2d 280 (Tex.Civ.App.—Corpus Christi 1975, writ ref. n. r. e.). Similarly, the repeal of a law authorizing a bondholder's suit was held to abate such a suit which had not been reduced to final judgment. *Dickson v. Navarro County Levee Imp. Dist. No. 3,* 135 Tex. 95, 139 S.W.2d 257 (1940). It has also been held that the repeal of a statute authorizing an appeal from an order granting a new trial destroys that remedy. *Texas Farm Bureau Ass'n v. Lennox,* 296 S.W. 325 (Tex.Civ.App.—Texarkana 1927, no writ).

Where, however, the right of appeal has become perfected upon performance of the specified statutory requirements, the court of review retains jurisdiction over the appeal unless the repealing statute indicates a contrary legislative intent. *Atkins v. Rayburn,* supra. This court recognizes that there is a distinction between an ordinary appeal and an appeal by certiorari. *Cluck v. Hester,* 521 S.W.2d 845 (Tex.1975). However, in either situation, the district court retains jurisdiction over an appeal which has been perfected prior to the effective date of the repealing statute. *Cluck v.*

*Ballenger,* supra; *Gulf Oil Corp. v. Outlaw,* supra.

The district court's order of dismissal recites that a bill of review is pending and unresolved in the probate court, but as appellee correctly points out in her brief, the dismissal order was obviously based upon the lower court's determination that it had lost jurisdiction because of the repeal of Section 30, Texas Probate Code. The pendency of the bill of review did not affect the district court's jurisdiction over the writ of certiorari, and it, thus, becomes unnecessary to further consider appellant's point on that question.

■ The judgment of the district court dismissing the writ of certiorari for want of jurisdiction is reversed and the cause is remanded for further proceedings.

COLEMAN, C. J., not participating.