Jim TATUM et ux., Appellants,

v.

The STATE of Texas, Appellee.

No. 18052.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 18, 1979.

Jim Tatum & Associates, Houston, for appellants.

Gerald D. Cobb, Denton, for appellee.

OPINION

PER CURIAM.

In a felony criminal case in the District Court of Denton County, Texas, Vertice Calloway was (prior to the time set for her trial) at liberty by reason of a bail bond whereon Jim Tatum and Elizabeth Tatum were sureties. Calloway failed to appear for trial.

On 23 August, 1976 a judgment *nisi* in forfeiture of the bail bond was entered. Thereafter, on 15 March 1978, a "Default Judgment Declaring a Forfeiture" was entered. It awarded the State of Texas judgment against Calloway and the two sureties, the Tatums, in the amount of $3,000.00 and costs.

From that judgment Jim and Elizabeth Tatum (but not Vertice Calloway) filed with the clerk of the trial court an instrument styled "Petition for Writ of Error for Review by the Court of Civil Appeals". The clerk of the trial court, treating it the same as an appeal writ of error, prepared a transcript of the record and forwarded it to the clerk of this court. It was filed and docketed as an appealed case by the clerk of this court. The circumstances were drawn to the attention of the judges at time the appeal was scheduled to be heard.

We find we have no jurisdiction to entertain the appeal. By answer to a certified question, the Supreme Court held, in 1894, that a Court of Civil Appeals has no jurisdiction to entertain an appeal such as here presented; that the Court of Criminal Appeals has jurisdiction for an appeal from a judgment of forfeiture of a bail bond in a criminal case. *Jeter v. State*, 86 Tex. 555, 26 S.W. 49 (1894). The law persists, unchanged, as applied to the matter of jurisdiction of such appeals.

The appeal is dismissed for want of jurisdiction.