**SENTINEL BONDING AGENCY,**
**Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 18244.**

Court of Civil Appeals of Texas,
Fort Worth.

April 10, 1980.

Rehearing Denied May 8, 1980.

The appeal is dismissed for want of jurisdiction.

James Q. Smith, Wichita Falls, for appellant.

Timothy D. Eyssen, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

In a felony criminal case in the District Court of Wichita County, Texas, Donald Stratton was, prior to the time set for his trial, at liberty by reason of a bail bond whereon Sentinel Bonding Agency was the surety. Stratton failed to appear for trial.

On June 20, 1978 a judgment *nisi* in forfeiture of the bail bond was rendered. Thereafter, on July 3, 1979, the trial court rendered a final judgment forfeiting the bond. It awarded the State of Texas judgment against Stratton and Sentinel in the amount of $10,000.00 plus costs.

From that judgment Sentinel, but not Stratton, filed with the clerk of the trial court a supersedeas bond for the sum of $10,000.00 and all costs in the trial court. The clerk of the trial court prepared a transcript of the record and forwarded it to the clerk of this court. It was filed and docketed as an appealed case by the clerk of this court. These circumstances were drawn to our attention at the time the appeal was scheduled to be heard.

We find we have no jurisdiction to entertain the appeal. By answer to a certified question, the Texas Supreme Court held, in 1894, that a Court of Civil Appeals has no jurisdiction to entertain an appeal such as here presented; that the Court of Criminal Appeals has jurisdiction for an appeal from a judgment of forfeiture of a bail bond in a criminal case. *Jeter v. State*, 86 Tex. 555, 26 S.W. 49 (1894). We recently decided in *Tatum v. State*, 576 S.W.2d 492 (Tex.Civ. App.—Fort Worth 1979, no writ) that the law persists, unchanged, as applied to the matter of jurisdiction of such appeals. That is still our opinion.

