Earl NIX, et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 1544.

Court of Appeals of Texas,
Tyler.

Sept. 17, 1981.

Dale Long, Tyler, John R. Heath, Nacogdoches, for appellants.

Herbert Hancock, Nacogdoches, for appellee.

PER CURIAM.

This is an appeal by appellants, Earl and Octa Nix, sureties on a bail bond, from a judgment forfeiting the bond after defendant-principal failed to appear for trial. The State of Texas filed a motion to dismiss the appeal on the ground that this court was without jurisdiction in an appeal of this nature prior to September 1, 1981.

The appeal arose out of a felony criminal case in the District Court of Nacogdoches County, Texas, styled *The State of Texas v. Cledis Clark Weatherford.* Prior to trial, Weatherford was at liberty by reason of a bail bond executed by appellants as sureties.

On December 7, 1979, a judgment *nisi* forfeiting the bail bond was rendered. Thereafter, on March 16, 1981, the trial court rendered a final judgment forfeiting the bond and awarding the State of Texas judgment against the appellants in the amount of $5,000 plus costs.

On May 7, 1981, appellants filed with the clerk of the trial court a supersedeas bond stating that appellants desired to appeal the judgment to the Court of Civil Appeals for the Twelfth Supreme Judicial District of Texas. The clerk of the trial court prepared a transcript of the record and forwarded it to the clerk of this court. The transcript was docketed as an appeal by the clerk of this court on June 1, 1981, and a statement

of facts was filed June 1, 1981. Appellants filed their brief with this court on July 1, 1981.

The State contends that jurisdiction of this appeal rests solely with the Court of Criminal Appeals and not in the court of civil appeals. We sustain the State's contention and accordingly dismiss the appeal.

This precise issue was before the Fort Worth Court of Appeals in *Sentinel Bonding Agency v. State of Texas*, 598 S.W.2d 44 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). Justice Spurlock speaking for the court stated:

> By answer to a certified question, the Texas Supreme Court held, in 1894, that a court of civil appeals has no jurisdiction to entertain an appeal such as here presented; that the court of criminal appeals has jurisdiction for an appeal from a judgment of forfeiture of a bail bond in a criminal case. *Jeter v. State*, 86 Tex. 555, 26 S.W. 49 (1894). See also *Tatum v. State*, 576 S.W.2d 492 (Tex.Civ.App.—Fort Worth 1979, no writ).

Appellants recognize the foregoing rule of law but argue that the State's motions to dismiss should be overruled because it was not filed within thirty days of filing of the transcript in accordance with Rule 405, Tex. R.Civ.P.

Rule 405 applies to motions to dismiss for want of jurisdiction and provides as follows:

> Motions to dismiss for want of jurisdiction to try the case and for such defects as defeat the jurisdiction in the particular case and cannot be waived shall also be made, filed and docketed at said time (within thirty days after the filing of the transcript in the court of civil appeals) provided, however, if made afterwards they may be entertained by the court upon such terms as the court may deem just and proper.

In *Walker v. Cleere*, 141 Tex. 550, 174 S.W.2d 956 (1943), our supreme court in considering rule 405 held that compliance with a jurisdictional requirement was not waived by the failure to file a motion to dismiss within thirty days after the filing of a record. Accordingly, we hold that where this court is without jurisdiction, as here, the failure to file a motion to dismiss within thirty days after the filing of the record is not fatal. *Valdez v. Gill*, 537 S.W.2d 477 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.). Appellants' contention in this regard is without merit and is overruled.

Appellants further contend that even if this court did not have jurisdiction on the date the appeal was filed, this court acquired jurisdiction on September 1, 1981, pursuant to Texas Constitution Article 5 Section 6 (1876) as amended effective September 1, 1981, and pursuant to the Texas Code of Criminal Procedure, Article 4.03 (1981). Appellants contend that had this court acted prior to September 1, 1981, a dismissal would have been appropriate, but since appellee failed to request a hearing on the jurisdictional issue prior to September 1, 1981, appellants assert that this court now has jurisdiction. Appellants argue that jurisdiction should be determined at the time of the hearing in the appellate court on the motion to dismiss, not at the time the appeal was filed. We find no merit in this contention.

This court did not have jurisdiction at the time the final judgment was rendered nor at the time the record was filed in this court. The State's failure to timely file the motions to dismiss cannot determine this court's jurisdiction. Lack of jurisdiction cannot be defeated even by waiver of the parties. *Consolidated Casualty Insurance Company v. Wade*, 373 S.W.2d 841 (Tex.Civ. App.—Corpus Christi 1963, writ dism'd).

Jurisdiction of the court is to be determined at the time the appeal is perfected. When a right to appeal has become perfected upon the performance of the specified statutory requirements, the court of review retains jurisdiction over the appeal unless the repealing statute indicates a contrary intent. *Atkins v. Rayburn*, 506 S.W.2d 208 (Tex.1974); *Staehling v. Schneider*, 545 S.W.2d 273 (Tex.Civ.App.— Houston [1st Dist.] 1976, no writ). In the instant case, the Court of Criminal Appeals

had jurisdiction over appeals in bond forfeiture cases perfected prior to September 1, 1981, the effective date of the above-cited constitutional amendment and Article 4.03 of the Texas Code of Criminal Procedure. Appellants' failure to correctly perfect appeal cannot deprive the Court of Criminal Appeals of jurisdiction nor bestow it upon this court.

Appeal dismissed for want of jurisdiction.