Lipscomb, J.
This case comes before us on an appeal from the district court of Harrison county.
The suit was brought before a justice of the peace under the 17th section of the land law. 2 Congress, page 69.
The first part of the section provides that a certificate shall be sufficient authority to any surveyor to survey such land as may be pointed out by the owner of the certificate. The first provision directs that if there is more than one application made for the same land, the settler or occupant, if their claims are equal, shall have the preference. The second proviso directs that no location or improvement made since the declaration of independence, by persons who have since that time arrived in the country, shall be regarded when they come in conflict with the claims of those who were here at the declaration of independence; that those individuals who are entitled to six months’ preference shall have a right to locate them without regard to the improvements of those individuals who have arrived since the declaration of independence. It then provides as follows:
“In all other cases, or in case there be more occupants than one, the conflicting claims shall be summarily tried by the nearest justice of the peace, and six disinterested jurors summoned for that purpose, and upon their decision the surveyor shall grant to the successful.party the field note of the tract of land, giving, in all cases, the preference to the oldest occupant and settler.” The proceedings were had before a justice of the peace under the part of the section just cited. There was a verdict for the plaintiff who is defendant in this court.
There was an appeal taken to the district court in which the appeal was dismissed, the judge being of the opinion that no appeal could be taken; from which judgment of the district court an appeal was taken to this court. These judgments all have no other right than the government voluntarily conceded to them; and they recovered the *(313) donation, subject to whatever restrictions the law granting the favor imposed. It seems to have been the policy of the government in dispensing its favors to provide in a summary way for such disputes as might arise between the parties, and it was thought proper to submit such differences to a special tribunal that was most likely to decide according to the justice of the case; but it intended even if one of the parties should be dissatisfied that the decision should nevertheless be final and conclusive. It therefore made no provision for an appeal. This the congress had a right to do as a condition on which the favor had been given, and neither party had a right to complain, no matter in what way it was decided because they had no intrinsic right independent of the law under which the donation was made.
That the congress intended there should be no appeals is clearly to be understood, not only from the particular circumstances of such cases but also from their giving an appeal in another class of disputes, not about the location, but division of the land. This is given in the next section of the same law. The object was to have all questions about locations settled without any delay, so that there should be no impediment in the way of others who wished to locate. But when there was no dispute about the location, but on a dividing line, there was no necessity for having it immediately settled, and in that case the right of appeal is given. The delay occasioned by such appeal could not in any degree embarrass others as the whole effect of the controversy would be confined to the parties themselves. So long as the dispute about the location lasted, others who wished to locate adjacent thereto would be unable to do so, not knowing what land would be included. This is not a case of that sort wherein an appeal is secured by the constitution or any law on the subject.
The decision of the court below dismissing the appeal is confirmed.