**L.D. PITTS, Jr., Appellant,**

v.

**The STATE of Texas and
S.P.C.A., Appellees.**

No. 14–95–00711–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 3, 1995.

Rehearing Overruled Aug. 31, 1995.

L. D. Pitts, Houston, pro se.

Mike Driscoll, Harris County Atty., Ann J.M. Burton, Asst. County Atty., Houston, for the State.

Before MURPHY, C.J., and YATES and FOWLER, JJ.

## OPINION

PER CURIAM.

This is an appeal from a dismissal for want of jurisdiction. We dismiss for want of jurisdiction.

Appellant filed a petition for writ of mandamus in the Harris County Civil Court at Law No. 2 after the justice of the peace court ordered the seizure of 40 mixed breed dogs and 6 mixed breed cats and transferred possession of the animals from appellant to the Society for Prevention of Cruelty to Animals. Appellant also brought an appeal from the order of seizure in Harris County Civil Court at Law No. 3.

Harris County filed a plea of collateral estoppel and motion to dismiss for lack of jurisdiction that the trial court granted. On July 6, 1995, this court notified the parties it intended to dismiss the appeal for want of jurisdiction. Appellant filed a response that does not demonstrate jurisdiction. Harris County filed a brief supporting dismissal for lack of jurisdiction.

The legislature has the power to limit the right of appeal. *Seale v. McCallum,* 116 Tex. 662, 287 S.W. 45 (1926). The legislature, by statute, can entrust special and limited jurisdiction to justice of the peace courts from which no appeal exists. *Field v. Anderson,* 1 Tex. 437 (1846).

The legislature, through Chapter 821, Subchapter B. of the Texas Health and Safety Code, provided the justice courts with jurisdiction over a special procedure for removal and forfeiture of animals found in conditions that constitute cruel treatment. TEX. HEALTH & SAFETY CODE ANN. § 821.021 et seq. The legislature specifically limited the right of appeal in these cases to those involving animals ordered sold at public auction.

TEX. HEALTH & SAFETY CODE ANN. § 821.025 (Vernon 1992). No other right of appeal was created. The right of appeal must be expressed in plain and unambiguous language and a statute may not be liberally interpreted to create that right where it does not exist. *Boyd v. Dean*, 515 S.W.2d 753 (Tex. Civ.App.—Beaumont 1974, no writ).

■ In this case the justice of the peace ordered the forfeited animals given to the Houston Society for the Prevention of Cruelty to Animals as authorized under Chapter 821. TEX. HEALTH & SAFETY CODE ANN. § 821.025 (Vernon 1992). The animals were not ordered to be sold at public auction. The Justice of the Peace's order arose from the special and limited jurisdiction of the justice courts provided in Chapter 821, and the legislature provided no appeal from such an order.

We, therefore, dismiss.