**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 13, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00679-CV

### IN RE DEBRA DICKEY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1034927**

## MEMORANDUM OPINION

Relator Debra Dickey filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Roberta Lloyd, presiding judge of County Civil Court at Law No. 4, to grant her motion to dismiss the underlying proceeding for want of jurisdiction. Relator also filed an emergency motion for a stay of trial, which we denied on July 30, 2013. *See* Tex. R. App. P. 52.10.

Relator asserts that she boarded her two female Doberman Pinschers with Kenneth Battle for training. The Precinct 1 Justice Court issued a warrant ordering the seizure of all of the dogs at Battle's residence based on allegations of animal cruelty. *See* Tex. Health & Safety Code § 821.022. After a hearing, the justice court found both Battle and relator were guilty of animal cruelty and awarded custody of all of the dogs at Battle's residence to the Houston Society for the Prevention of Cruelty to Animals. Relator filed a *de novo* appeal to Harris County Civil Court at Law No. 4, seeking the return of the two female Doberman Pinschers and their progeny.[1] *See* Tex. Health & Safety Code § 821.025.

In the county court, relator filed a motion to dismiss for want of jurisdiction, asserting that the lower courts did not acquire subject matter jurisdiction because she was not provided notice that animal cruelty allegations were also made against her. On July 29, 2013, the trial court denied the motion. Relator then filed this proceeding. An expedited trial was scheduled to commence in the county court on July 31 or August 1, 2013. *See* Tex. Health & Safety Code § 821.025(d).

Mandamus relief is available to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). An abuse of discretion occurs if the trial court clearly failed to analyze or apply the law correctly. *See Walker v Packer*, 827 S.W.2d 833, 840 (Tex. 1992). An appellate court may not resolve disputed matters of fact in an original mandamus proceeding. *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006).

Relator complains that she did not receive any notice that animal cruelty allegations were made against her, and that this defective notice deprived the

---

[1] Relator asserts that she was informed that both of the females gave birth to puppies after they were taken into custody of the HSPCA.

2

justice court of jurisdiction. She acknowledges, however, that she had notice of, appeared at, and participated in the hearing in justice court. It appears that relator waived her notice complaint by failing to timely object to insufficient notice, failing to move for a continuance, and participating in the hearing. *See Hoog v. State*, 87 S.W.3d 740, 745 (Tex. App.—San Antonio 2002, pet. denied). We do not have a record from the hearing in justice court. *See* Tex. R. App. P. 52.7(a)(2).

Harris County, the real party-in-interest, responded to relator's motion to dismiss in the court below, and argued that statutory notice was provided, and notice of the cruelty allegations was not required. *See* Tex. Health & Safety Code § 821.022(c) ("The officer executing the warrant shall cause the animal to be impounded and shall give written notice to the owner of the animal of the time and place of the hearing."). Section 821.021(3) of the statute defines an owner to include "a person who owns or has custody or control of an animal." Tex. Health & Safety Code § 821.021(3).[2] In addition, the County argued that failure to comply with a statutory requirement does not deprive the court of jurisdiction. *See City of DeSoto v. White,* 288 S.W.3d 389, 395 (Tex. 1999) (recognizing that "just because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional.").

The jurisdiction of a court in an animal seizure action, an *in rem* proceeding, is dependent on the court's control over the res. *Pine v. State*, 921 S.W.2d 866, 871 (Tex. App.—Houston [14th Dist.] 1996, writ dism'd); *see also Hoog,* 87 S.W.3d at 742-43. Chapter 821 of the Texas Health and Safety Code provides jurisdiction to justice courts over forfeiture proceedings for animals found in situations

---

[2] We note that in the definitions provided for the criminal offense of animal cruelty, the Texas Penal Code states that custody "includes responsibility for the health, safety, and welfare of an animal subject to the person's care and control, regardless of ownership of the animal." Tex. Penal Code § 42.092(4).

constituting cruelty. *Pitts v. State,* 918 S.W.2d 4, 5 (Tex. App.—Houston [14th Dist.] 1995, no writ). The seizure warrant issued by the justice court permitted seizure of all animals located at the named premises. Therefore, the justice court had jurisdiction over the subject dogs. Even an unlawful seizure does not deprive the court of jurisdiction. *Pine,* 921 S.W.2d at 871.

Relator timely filed a notice of appeal to perfect an appeal to the county court. *See* Tex. Health & Safety Code § 821.025(b). As long as relator timely filed a cash or surety bond, as required by statute as a condition to perfect an appeal, the county court had jurisdiction. *Id.* Our record is silent as to whether relator filed the required bond.

Relator has not established that the respondent abused her discretion in denying the motion to dismiss. Accordingly, we deny relator's petition.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.