ACCEPTED
12-15-00194-cv
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/24/2015 10:33:27 AM
Pam Estes
CLERK

CASE NO. 12-15-00194-CV

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/24/2015 10:33:27 AM
PAM ESTES
Clerk

DAVID HAYES, Appellant
vs.
THE STATE OF TEXAS, Appellee

On Appeal from the
County Court of Law Number
Henderson County, Texas

(Trial Court Case Number C-7919)

---

## BRIEF OF APPELLEE

---

Barry L. Spencer, Jr.
Henderson County Attorney's Office
100 E. Tyler Street, Room 100
Athens, Texas 75751
Telephone:    (903) 675-6112
Facsimile:    (903) 675-6192
EMAIL:
    barry.spencer@co.henderson.tx.us
State Bar No.:    24013548
ATTORNEY FOR APPELLEE
THE STATE OF TEXAS

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                              David Hayes

TRIAL COURT JUDGE:                      The Honorable D. Scott Williams
                                        County Court at Law
                                        Henderson County, Texas
                                        100 E. Tyler St., Room 103
                                        Athens, Texas 75751
                                        (903) 675-6162

ATTORNEY FOR THE STATE:                 Barry L. Spencer, Jr.
(for Trial and Appeal)                  Assistant County Attorney
                                        Henderson County, Texas
                                        100 East Tyler Street, Room 100
                                        Athens, Texas  75751
                                        (903) 675-6112

ATTORNEY FOR APPELLANT:                 Mr. James H. Owen
(for Trial)                             P.O. Box 1447
                                        Athens, Texas 75751
                                        Tel: 903 681-6487

ATTORNEY FOR APPELLANT:                 Mr. James H. Owen
(on Appeal)                             P.O. Box 1447
                                        Athens, Texas 75751
                                        Tel: 903 681-6487

ii

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................................... ii

Index of Authorities ................................................................................................... iv

Statement of the Case ...............................................................................................2

Issue Presented...........................................................................................................2

Statement of Facts .....................................................................................................3

Summary of Argument................................................................................................3

Argument and Authority ............................................................................................4

Conclusion...................................................................................................................6

Prayer...........................................................................................................................6

Statement Regarding Oral Argument .......................................................................6

Certificate of Service ..................................................................................................7

Certificate of Compliance with Rule 9.4....................................................................7

Appendix......................................................................................................................8

# INDEX OF AUTHORITIES

## CASES

*Boyd v. Dean*, 515 S.W.2d 753 (Tex.Civ.App.—Beaumont 1974, no writ) ......................4

*Field v. Anderson,* 1 Tex. 437 (1846). ............................................................................4

*Pitt v. State*, 918 S.W.2d 4 (Tex. App.—Houston [14th Dist.] 1995) ...............................4

*Seale v. McCallum*, 287 S.W.45 (1926). .........................................................................4


## STATUTES AND RULES:

Texas Health and Safety Code, Section 822.003 ...............................................2,3,4,5,6

Health and Safety Code, Section 822.0421 .......................................................................5

Health and Safety Code, Section 822.0424.......................................................................5

CASE NO. 12-15-00194-CV

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS


DAVID HAYES, Appellant

vs.

THE STATE OF TEXAS, Appellee


On Appeal from the
County Court of Law Number
Henderson County, Texas

(Trial Court Case Number C-7919)

---

## APPELLEE'S BRIEF ON THE MERITS

---

TO THE HONORABLE COURT OF APPEALS:

Comes now Appellee, THE STATE OF TEXAS, by and through her attorney, Barry. L. Spencer, Jr., and respectfully submits her brief on the merits urging that the justice of the peace's and the trial court's order finding that Appellant's dogs be destroyed be affirmed.

Appellant hereby waives oral argument.

1

## STATEMENT OF THE CASE

On January 19, 2015, Michael "Chris" Kirkpatrick was pushing his bicycle down the road when three dogs escaped from their enclosure and attacked him causing serious injuries.

On January 22, 2015 the Henderson County Sheriff's Department applied for and received a warrant to seize the dogs, which were already in quarantine, from Appellant. (CR at 18-20).

On January 26, 2015, the Justice of the Peace for Precinct #2 held a hearing and found that two of the dogs were "dangerous dogs" and ordered those two dogs destroyed under Health and Safety Code Section 822.003. (CR at 22). Appellant appealed the decision of the justice of the peace to the Henderson County Court at Law. (CR at 16,26). Appellant requested a jury trial in said court, but the trial court removed the case from the jury docket. (CR at 29,124).

The trial court found there was no right to a jury trial for the case. (CR at 146).

After a trial on the merits, the trial court found that all three dogs committed an unprovoked attack and caused serious bodily injury to a person and that all three dogs should be destroyed. (CR 140-141). See *Texas Health and Safety Code, Section 822.003*. The Final Order was signed on May 1, 2015. (CR 140-141).

Appellant filed a Motion for New Trial on May 27, 2015. (CR at 167-168). It was denied on July 9, 2015. (CR at 176).

Appellant filed his Notice of Appeal seeking review of the trial court's denial of his request for a jury trial on July 30, 2015. (CR at 196).

## ISSUES PRESENTED

Appellant raises one issue on appeal:

Appellant claims the trial court erred in denying Appellant a jury trial in the case.

2

## STATEMENT OF FACTS

On January 19, 2015, Michael "Chris" Kirkpatrick was pushing his bicycle down the road when three dogs escaped from their enclosure and attacked him causing serious injuries.

On January 22, 2015 the Henderson County Sheriff's Department applied for and received a warrant to seize the dogs, which were already in quarantine, from Appellant. (CR at 18-20).

On January 26, 2015, the Justice of the Peace for Precinct #2 held a hearing and found that two of the dogs were "dangerous dogs" and ordered those two dogs destroyed under *Health and Safety Code Section 822.003*. (CR at 22). Appellant appealed the decision of the justice of the peace to the Henderson County Court at Law. (CR at 16,26). Appellant requested a jury trial in said court, but the trial court removed the case from the jury docket. (CR at 29,124).

The trial court found there was no right to a jury trial for the case. (CR at 146).

After a trial on the merits, the trial court found that all three of the dogs committed an unprovoked attack and caused serious bodily injury to a person and that all three dogs should be destroyed. (CR 140-141). See Texas Health and Safety Code, Section 822.003. The Final Order was signed on May 1, 2015. (CR 140-141).

Appellant filed a Motion for New Trial on May 27, 2015. (CR at 167-168). It was denied on July 9, 2015. (CR at 176).

Appellant filed his Notice of Appeal seeking review of the trial court's denial of his request for a jury trial on July 30, 2015. (CR at 196).

## SUMMARY OF ARGUMENT

Appellant had no right to appeal the determination of the Justice of the Peace Court ordering the dogs destroyed. There is no provision in Texas Health and Safety

3

Code, Subsection A for Appellant to appeal the Justice of the Peace's findings and ordering the dogs destroyed.

The trial court did not err in denying Appellant's request for a jury trial. There was no right to a jury trial under Texas Health and Safety Code Chapter 822, Subchapter A. *Health and Safety Code Section 822.003* provides for a **hearing** to be held not more than ten days after the warrant was issued. Nowhere in the statute is an owner given the right to a **trial** or a jury trial. The statute continuously refers to the **court** making the finding and decision on whether the dog(s) should be destroyed.

## ARGUMENT

### No Right to Appeal Justice of the Peace Decision

The trial court did not have jurisdiction to hear this case on appeal from the Justice of the Peace Court.

The legislature has the power to limit the right to appeal. *Seale v. McCallum*, 287 S.W.45 (1926); *Pitt v. State*, 918 S.W.2d 4 (Tex. App.—Houston [14th Dist.] 1995). The legislature by statute, can entrust special and limited jurisdiction to justice of the peace courts from which no appeal exists. *Field v. Anderson*, 1 Tex. 437 (1846); *Pitt v. State*, 918 S.W.2d 4 (Tex. App.—Houston [14th Dist.] 1995). The right of appeal must be expressed in plain and ambiguous language and a statute may not be liberally interpreted to create that right where it does not exist. *Boyd v. Dean*, 515 S.W.2d 753 (Tex.Civ.App.—Beaumont 1974, no writ); *Pitt v. State*, 918 S.W.2d 4 (Tex. App.—Houston [14th Dist.] 1995).

Under Chapter 822, Subchapter A of the Texas Health and Safety Code, the legislature provided the justice courts with jurisdiction over the procedure for destruction of dogs found to have caused serious bodily injury to a person by attacking, biting, or mauling them. *Texas Health and Safety Code Section 822.003*. No right to appeal this

4

determination was created by the statute; therefore the trial court did not have jurisdiction to hear the appeal of the determination made by the justice court to destroy the dogs.

The legislature has created the right to appeal in other sections of Chapter 822. Health and Safety Code, Section 822.0421 and Section 822.0424 both provide mechanisms for appeal of a justice of the peace finding. There is no such mechanism for appeal under Section 822.003; therefore there is no right to appeal the justice of the peace's determination that the dogs should be destroyed under that section.

Jury Trial Request

If the trial court did have jurisdiction to hear the appeal, the trial court did not err in denying Appellant's request for a jury trial. There was no right to a jury trial under Texas Health and Safety Code Chapter 822, Subchapter A. *Health and Safety Code Section 822.003* provides for a **hearing** to be held not more than ten days after the warrant was issued. The purpose of the hearing is to answer three questions:

(1) Did the dog attack, bite, or maul a person,

(2) Did the person suffer serious bodily injury or death, and

(3) Did the attack, bite, or mauling cause serious bodily injury or death.

The court is not making a formal determination of whether or not the dog is a "dangerous dog" under other sections or subchapters of the statute.

Nowhere in the statute is an owner given the right to a trial or a jury trial. The statute continuously refers to the court making the finding and decision on whether the dog(s) should be destroyed.

As of September 1, 2015, some sections of Health and Safety Code Chapter 822 do give the owner the right to a jury trial for determinations; however, Section 822.003 still does not. *See* Health and Safety Code Section 822.0421(b). Health and Safety

5

Code Section 822.0421(b) now provides, in part, that an owner may appeal "and is entitled to a jury trial on request." There is no such provision under the statute applicable in this case.

## CONCLUSION

In conclusion, the justice of the peace court should have had the final decision to destroy the dogs in this case and the County Court at Law did not have jurisdiction to hear the appeal of this case.

Alternately, the County Court at Law did not err in denying Appellant's request for a jury trial because the law does not provide Appellant with the right to a jury trial of a Texas Health and Safety Code Section 822.003 determination.

## PRAYER

WHEREFORE, Appellee prays that this Court affirm the judgment that the dogs, the subject of this case, be destroyed.

Respectfully submitted,

/s/ Barry L. Spencer, Jr.
Barry L. Spencer, Jr.
Attorney for the State
100 E. Tyler St., Room 100
Athens, Texas 75751
State Bar No. 24013548
903 675-6112 Telephone
903 675-6192 Facsimile
ATTORNEY FOR APPELLEE

## STATEMENT REGARDING ORAL ARGUMENT

Appellee respectfully requests that oral arguments in this case be waived that all arguments that would be asserted in oral arguments have been advanced in the brief.

/s/ Barry L. Spencer, Jr.
Barry L. Spencer, Jr.
Attorney for the State

## CERTIFICATE OF SERVICE

I do hereby certify that on this, the 24th day of November, 2015, a true copy of the Appellee's brief will be served on the following parties by e-mail or by e-service, if available.

ATTORNEY FOR THE APPELLANT
JAMES H. OWEN
Po Box 1447
Athens, Texas 75751
Tel: 903 681-6487
Fax 469 533-4616
e-mail: James.Owen@attorneyJamesOwen.com
SBN: 15368200

/s/ Barry L. Spencer, Jr.
Barry L. Spencer, Jr.
Attorney for the State

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

Using Microsoft Word word count utility, I have determined that this document contains 1388 words, not including the "caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance and appendix".

/s/ Barry L. Spencer, Jr.
Barry L. Spencer, Jr.
Attorney for the State

## APPENDIX

Health and Safety Code, Section 822.003................................................A

Health and Safety Code, Section 822.0421...............................................B

Health and Safety Code, Section 822.0424...............................................B

Order Removing Case from Jury Docket......................................................C

Findings of Facts and Conclusions of Law
(Order Removing Case from Jury Docket)..................................................D

Final Order..........................................................................................E

Sec. 822.003. HEARING. (a) The court shall set a time for a hearing to determine whether the dog caused the death of or serious bodily injury to a person by attacking, biting, or mauling the person. The hearing must be held not later than the 10th day after the date on which the warrant is issued.

(b) The court shall give written notice of the time and place of the hearing to:

(1) the owner of the dog or the person from whom the dog was seized; and

(2) the person who made the complaint.

(c) Any interested party, including the county attorney or city attorney, is entitled to present evidence at the hearing.

(d) The court shall order the dog destroyed if the court finds that the dog caused the death of a person by attacking, biting, or mauling the person. If that finding is not made, the court shall order the dog released to:

(1) its owner;

(2) the person from whom the dog was seized; or

(3) any other person authorized to take possession of the dog.

(e) The court may order the dog destroyed if the court finds that the dog caused serious bodily injury to a person by attacking, biting, or mauling the person. If that finding is not made, the court shall order the dog released to:

(1) its owner;

(2) the person from whom the dog was seized; or

(3) any other person authorized to take possession of the dog.

(f) The court may not order the dog destroyed if the court finds that the dog caused the serious bodily injury to a person by attacking, biting, or mauling the person and:

(1) the dog was being used for the protection of a person or person's property, the attack, bite, or mauling occurred in an enclosure in which the dog was being kept, and:

(A) the enclosure was reasonably certain to prevent the dog from leaving the enclosure on its own and provided notice of the presence of a dog; and

A

       (B)   the injured person was at least eight years of age, and was trespassing in the enclosure when the attack, bite, or mauling occurred;

       (2)   the dog was not being used for the protection of a person or person's property, the attack, bite, or mauling occurred in an enclosure in which the dog was being kept, and the injured person was at least eight years of age and was trespassing in the enclosure when the attack, bite, or mauling occurred;

       (3)   the attack, bite, or mauling occurred during an arrest or other action of a peace officer while the peace officer was using the dog for law enforcement purposes;

       (4)   the dog was defending a person from an assault or person's property from damage or theft by the injured person;  or

       (5)   the injured person was younger than eight years of age, the attack, bite, or mauling occurred in an enclosure in which the dog was being kept, and the enclosure was reasonably certain to keep a person younger than eight years of age from entering.

Acts 1989, 71st Leg., ch. 678, Sec. 1, eff. Sept. 1, 1989. Renumbered from Health & Safety Code Sec. 822.002 and amended by Acts 1997, 75th Leg., ch. 99, Sec. 1, eff. Sept. 1, 1997.

84R3098 JSC-F

By: Smithee               H.B. No. 14

A BILL TO BE ENTITLED
AN ACT

relating to appeals regarding dangerous dogs.

  BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

  SECTION 1. Section 822.0421, Health and Safety Code, is amended to read as follows:

  Sec. 822.0421. DETERMINATION THAT DOG IS DANGEROUS. (a) If a person reports an incident described by Section 822.041(2), the animal control authority may investigate the incident. If, after receiving the sworn statements of any witnesses, the animal control authority determines the dog is a dangerous dog, <u>the animal control authority</u> [it] shall notify the owner <u>in writing</u> of <u>the determination</u> [that fact].

  (b) <u>Notwithstanding any other law, including a municipal ordinance, an</u> [An] owner, not later than the 15th day after the date the owner is notified that a dog owned by the owner is a dangerous dog, may appeal the determination of the animal control authority to a justice, county, or municipal court of competent jurisdiction <u>and is entitled to a jury trial on request.</u>

  <u>(c) To file an appeal under Subsection (b), the owner must:</u>

   <u>(1) file a notice of appeal of the animal control authority's dangerous dog determination with the court;</u>

   <u>(2) attach a copy of the determination from the animal control authority; and</u>

   <u>(3) serve a copy of the notice of appeal on the animal control authority by mailing the notice through the United States Postal Service.</u>

  <u>(d)</u> An owner may appeal the decision of the justice[, county,] or municipal court <u>under Subsection (b)</u> in the [same] manner <u>described by Section 822.0424</u> [as appeal for other cases from the justice, county, or municipal court].

  SECTION 2. Section 822.0423, Health and Safety Code, is amended by adding Subsection (c-1) and amending Subsection (d) to read as follows:

  <u>(c-1) The court shall determine the estimated costs to house and care for the impounded dog during the appeal process and shall set the amount of bond for an appeal adequate to cover those estimated costs.</u>

  (d) An owner or person filing the action may appeal the decision of the municipal <u>or</u> [court,] justice court[, or county court] in the manner <u>described by Section 822.0424</u> [provided for the appeal of cases from the municipal, justice, or county court].

  SECTION 3. Subchapter D, Chapter 822, Health and Safety Code, is amended by adding Section 822.0424 to read as follows:

  <u>Sec. 822.0424. APPEAL. (a) A party to an appeal under Section 822.0421(d) or a hearing under Section 822.0423 may appeal the decision to a county court or county court at law in the county in which the justice or municipal court is located.</u>

  <u>(b) As a condition of perfecting an appeal, not later than the 10th calendar day after the date the decision is issued, the appellant must file a notice of appeal and, if applicable, an appeal bond in the amount determined by the court from which the appeal is</u>



taken.

(c)  Notwithstanding any other law, a county court or a county court at law has jurisdiction to hear an appeal filed under this section.

SECTION 4.  The change in law made by this Act applies only to a determination, decision, or hearing under Section 822.0421 or 822.0423, Health and Safety Code, as amended by this Act, or Section 822.0424, Health and Safety Code, as added by this Act, that occurs on or after the effective date of this Act. A determination, decision, or hearing that occurs before the effective date of this Act is governed by the law in effect on the date the determination, decision, or hearing occurred, and the former law is continued in effect for that purpose.

SECTION 5.  This Act takes effect September 1, 2015.

FILED FOR RECORD
at my office on the ___11th___ day of
April 20_15_ 3:20 o'clock __P__ m.
MARY MARGARET WRIGHT
County Clerk, Henderson County, Texas

CAUSE NUMBER C-7919

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE COUNTY COURT |
| V. | X | AT LAW #1 OF |
| DAVID HAYES | X | HENDERSON COUNTY, TEXAS |

## ORDER REMOVING CASE FROM JURY DOCKET

On the 16th day of April, 2015, after the Court considered PLAINTIFF, THE STATE OF TEXAS' Objection to a jury trial, including the Motion, the Defendant's Response, arguments of counsel to the Court, the Court finds that Defendant is not entitled to a Jury Trial and it is therefore Ordered, that this case be removed from the Jury Trial Docket and set for a trial before this Court on the 23rd day of April, 2015 at 9:00 am.

Signed this the _16_ day of _April_____, 2015.

_____
Judge D. Scott Williams
Presiding Judge
Henderson County Court at Law#1

Approved and Entry Requested by:

_____
Clinton J. Davis
Henderson County Attorney
Texas Bar#24034409
Henderson County Courthouse, Room 100
Athens, Texas 75751
Phone: 903-675-6112
Fax: 903-675-6196
Attorney for Plaintiff

C

NO. C-7919

| THE STATE OF TEXAS | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VS. | § | NO. 1 |
| | § | |
| DAVID HAYES | § | HENDERSON COUNTY, TEXAS |

## FINDINGS OF FACT AND CONLUSIONS OF LAW
### (Denial of Request for Jury Trial)

**FINDINGS OF FACT**

1.      This case was heard on appeal from the "Order to Destroy Dangerous Dog(s)" dated January 26, 2015, and entered by the Justice Court, Precinct 2, of Henderson County, Texas, the Honorable Kevin Pollock presiding.

2.      "Defendant's Jury Demand" was filed and the jury fee was paid on February 19, 2015.

3.      On April 16, 2015, the trial court denied the request for a jury trial, and set the matter for a bench trial instead.

**CONCLUSIONS OF LAW**

1.      In the instant appeal of the "Order to Destroy Dangerous Dog(s)", as set out above, there is no right to a jury trial pursuant to the Texas Health & Safety Code, or any other relevant provision of state law.

Signed May 5, 2015.

_____
Judge Presiding

FILED FOR RECORD
at my office on the ___5th___ day of
May , 2015  2.00 o'clock  P m.
MARY MARGARET WRIGHT
County Clerk, Henderson County, Texas

146



NO. C-7919

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT AT LAW |
| | § | |
| VS. | § | NO. 1 |
| | § | |
| DAVID HAYES | § | HENDERSON COUNTY, TEXAS |

## FINAL ORDER

CAME ON to be considered the trial de novo appeal from JP 2 of Henderson County, Texas, on April 23rd and 29th, 2015.

Appellant, David Hayes, appeared in person and by and through attorney of record, James Owen, and announced ready for trial.

Appellee, the State of Texas, appeared by and through attorney of record, Clint Davis, and announced ready for trial.

The Court finds that it has jurisdiction of this appeal, as well as the parties involved. After receiving evidence and argument of counsel, the Court makes the following findings:

The Court finds that on January 19, 2015, in Henderson County, Texas, one pit-bull known as "Jewel", one pit-bull known as "Puppy", and one pit-bull known as "Mamas", are Dangerous Dogs as defined by Texas Health and Safety Code Section 822.041(2), and that it is in the best interest of the dogs, and that for the public health and safety, that the dogs should be destroyed in a humane manner, pursuant to state law.

The Court finds that the owner of the dogs is David Hayes.

The Court finds that as a result of an unprovoked attack, Mikel "Christopher" Kirkpatrick suffered serious bodily injury as defined by Texas Health and Safety Code Section 822.001(5).

The Court finds that as a direct result of housing the dogs during the pendency of this case, the County of Henderson has incurred expenses in the total amount of $2,780.00.

As a result of said findings, IT IS ORDERED AND DECREED as follows:

The Animal Control Office with the Henderson County Sheriff's Department is ORDERED to humanely destroy the following Dangerous Dogs: one pit-bull known as "Jewel", one pit-bull known as "Puppy", and one pit-bull known as "Mamas", pursuant to Texas Health and Safety Code Section 822.004.

It is further ORDERED that David Hayes pay to Henderson County, Texas, through the County Attorney's Office of Henderson County, Texas, the total amount of $2,780.00 within 30 days of the signing of this order. Said amount is taxed as costs of this appeal.

All other relief not expressly granted is DENIED.

Signed May 1, 2015.

Judge Presiding