# NO. 12-15-00194-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID HAYES,* <br> *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 1* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *OPINION*

David Hayes appeals an order directing the animal control officer with the Henderson County Sheriff's Office to humanely destroy three dogs pursuant to Chapter 822 of the Texas Health and Safety Code. In one issue, Hayes claims the trial court committed reversible error by denying him a jury trial. We reverse and remand.

## BACKGROUND

On January 19, 2015, Mikel "Christopher" Kirkpatrick was riding a bicycle in the roadway in front Hayes's residence when Hayes's three dogs attacked him. An officer from the Henderson County Sheriff's Office executed an affidavit for seizure of the dogs. The justice court issued a warrant to seize the three dogs. Following a hearing, the justice court found that the dogs were dangerous under section 822.041 of the Texas Health and Safety Code, and had caused serious bodily injury to a person. The justice court ordered that two of the dogs be humanely destroyed and the third dog be returned to Hayes.

Hayes appealed the justice court's order to the county court at law and requested a jury trial.[1] The Henderson County Attorney's Office objected to the jury request. The county court at

---

[1] It is undisputed that Appellant timely requested a jury and paid the required fee.

law sustained the objection and removed the case from the jury docket. After a bench trial, the judge found the three dogs were dangerous, that Hayes was the owner of the dogs, and that as a result of an unprovoked attack, Kirkpatrick suffered serious bodily injury. In accordance with these findings, the court ordered that the three dogs be humanely destroyed and ordered Hayes to pay $2,780.00 to Henderson County. This appeal followed.[2]

## ISSUES PRESENTED

In his sole issue, Hayes contends that the county court at law erred by removing his case from the jury docket and denying him a jury trial after his timely jury request and payment of the applicable fee. Henderson County did not contest the county court at law's subject matter jurisdiction. However, on appeal, it asserts that Hayes had no right to appeal the justice court's ruling. Accordingly, this case presents two questions for our review: (1) whether the owner of a dog ordered to be humanely destroyed by a justice, county, or municipal court judge, pursuant to Chapter 822, subchapter A, of the Texas Health and Safety Code, has the right to appeal such order; and (2) if an appeal is allowed, whether a jury can be requested to hear the de novo appeal.

## RIGHT TO APPEAL THE JUSTICE COURT'S ORDER

We first address Hayes's right to appeal the justice court's order to the county court at law because it directly affects this Court's jurisdiction.

### Standard of Review and Applicable Law

"Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). It is never presumed and cannot be waived. *Id.* at 443-44. An appellate court is obligated, even *sua sponte*, to determine the threshold question of jurisdiction. *See Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.). The existence of subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The construction of a statute is also a question of law we review de novo. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). When interpreting a statute, we look

---

[2] The record does not indicate that the dogs have been euthanized, or otherwise passed away since Hayes filed his notice of appeal, and the parties have not advised us of such. Accordingly, we presume there are live issues before us on appeal, and the issues are not moot at the time this opinion is being delivered.

first to the plain meaning of the words used. *Id*. If the statute is clear and unambiguous, we apply its words according to their common meaning in a way that gives effect to each word, clause, and sentence. *Id*. We do not resort to extrinsic aides, such as legislative history, to interpret a clear and unambiguous statute. *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). We apply these same concepts when construing rules of civil procedure. *Bradt v. Sebek*, 14 S.W.3d 756, 762 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Rule interpretation, like statutory interpretation, is a question of law over which the trial court has no discretion. *Id*.

## Discussion

Chapter 822 of the Texas Health and Safety Code governs the regulation of animals. TEX. HEALTH & SAFETY CODE ANN. §§ 822.001-.116 (West 2010 & Supp. 2016). Under subsection A, upon the receipt of a sworn complaint stating that a dog caused serious bodily injury, a justice, county, or municipal court must order animal control to seize the dog. *Id*. § 822.002(a) (West 2010). The court must then conduct a hearing, within ten days after issuance of the warrant, to determine whether (1) the dog caused serious bodily injury by attacking, biting, or mauling someone, and (2) if it should be destroyed or released. *Id*. § 822.003(a), (e) (West 2010). Subchapter A is silent as to the right of appeal from such an order. *See id*. §§ 822.001-.007.

On appeal, Henderson County cites *Pitts v. State*, 918 S.W.2d 4 (Tex. App.—Houston [14th Dist.] 1995, no pet.) to support its contention that the county court at law lacked jurisdiction over Hayes's appeal. *Pitts* dealt with Chapter 821 of the Texas Health and Safety Code, which provides a limited right to appeal an order divesting ownership of animals when a justice court finds animal cruelty, depending on whether the order directed the animals to be sold at public auction, given to a nonprofit shelter, or humanely destroyed. *See Pitts*, 918 S.W.2d at 4-5; *see also* TEX. HEALTH & SAFETY CODE ANN. §§ 821.001-.081 (West 2010 & Supp. 2016). The numerous amendments to Chapter 821, and disagreement between appellate courts in interpreting an owner's right to appeal under the statute's various versions, is outlined in *Garcia v. State*, Nos. 14-11-00241-CV and 14-11-00617-CV, 2012 WL 2928576, *2-3 (Tex. App.— Houston [14th Dist.] July 19, 2012, no pet.) (mem. op.). *Garcia* notes that the conflicting appellate holdings were effectively superseded by subsequent amendments to the statute, which make the county court at law's decision final and unappealable, thus, their holdings do not apply to future cases and any conflict no longer requires resolution. *See id*. at *2 n.4; *see also* TEX.

3

HEALTH & SAFETY CODE ANN. § 821.025(West Supp. 2016). Accordingly, we do not view **Pitts** as controlling authority on the issue before us.

According to Henderson County, an owner of a dog ordered destroyed pursuant to section 822.004 can only appeal that order if a right to appeal is expressed in the statute's plain and unambiguous language. The argument continues that since subchapter A is silent as to the right of appeal, the legislature intended that Hayes have no right to appeal the justice court's order that his dogs be destroyed. We acknowledge that the Legislature has the power to limit the right of appeal, including the authority to deny the right to appeal entirely or to allow a limited right to appeal. **In re Jenevein**, 158 S.W.3d 116, 119 (Tex. 2003); **Howell Aviation Servs. v. Aerial Ads, Inc.,** 29 S.W.3d 321, 323 (Tex. App.—Dallas 2000, no pet.). However, Henderson County has failed to cite any authority, and we have found none, that when a statute is silent as to a right of appeal, the legislature intended to eliminate that right.

We decline to interpret subchapter A's failure to expressly provide for a right to appeal an order that a dog be destroyed as legislative intent that such an order cannot be appealed. Unlike in Chapter 821, the legislature has not expressly limited the right of appeal in subchapter A of Chapter 822. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 821.025, 822.001-.007. The legislature could have imposed similar language in subchapter A had it intended to limit the right to appeal. Moreover, subchapter D of Chapter 822, which addresses dangerous dogs, allows a party to appeal a justice court's dangerous dog finding to a county court or county court at law and affords that party the right to a jury trial on request. *Id*. § 822.0424(a) (West Supp. 2016). Both the justice court and the county court at law found the dogs to be dangerous under subchapter D. *See* TEX. HEALTH & SAFETY CODE ANN. § 822.041 (West 2010). Although subchapter A contains no such express provision, we must construe the two provisions as a whole, not in isolation, and we must consider the consequences of a particular construction. *See* **Marcus Cable Assoc., L.P. v. Krohn**, 90 S.W.3d 697, 706 (Tex. 2002). We cannot construe subchapter A in a manner that is inconsistent with subchapter D, and we must construe the statute to avoid constitutional infirmities. *See id*. A party's right to an appeal is a sacred and valuable right. **Masterson v. Hogue**, 842 S.W.2d 696, 698 (Tex. App.—Tyler 1992, no pet.). We liberally construe rules controlling appellate procedure in favor of the right to appeal. **Consol. Furniture Co. v. Kelly**, 366 S.W.2d 922, 923 (Tex. 1963).

4

Subchapter D addresses "dangerous dog" findings and imposes requirements on owners in possession of a "dangerous dog." *See* TEX. HEALTH & SAFETY CODE ANN. §§ 822.041-.047. As previously discussed, subchapter A addresses the procedure by which a dog is taken from the owner and subject to being destroyed. *See* TEX. HEALTH & SAFETY CODE ANN. § 822.001-.007. Accordingly, subchapter A has graver consequences than subchapter D. Applying the rules of statutory construction, it is reasonable to conclude that the legislature felt it necessary to expressly provide for a right to appeal in a less severe provision of Chapter 822, and that an express grant of the right to appeal was not necessary for a provision involving the forfeiture of property, as the law does not favor the forfeiture of property rights and statutes are to be construed in favor of the right to appeal. *See **Lira v. Greater Houston German Shepherd Dog Rescue, Inc.**,* 488 S.W.3d 300, 304 (Tex. 2016) (recognizing that pet dogs are "property in the eyes of the law," and a "special form of personal property"); *see also **Kelly**,* 366 S.W.2d at 923. Property rights are constitutionally protected; thus, we decline to construe the legislature's silence in subchapter A as a deprivation of the right to appeal the taking of one's property. *See **Lira**,* 488 S.W.3d at 304; *see also **Krohn**,* 90 S.W.3d at 706; TEX. CONST. art. I, § 19.

This construction is also consistent with the legislature's express grant of original and appellate jurisdiction to the county court at law with respect to all cases and proceedings prescribed by law for county courts. TEX. GOV'T CODE ANN. § 25.0003(a) (West Supp. 2013). Even when an appeal is not expressly provided by other laws, section 51.001(a) of the Texas Civil Practice and Remedies Code states that a party may appeal a justice court's ruling when the judgment or amount in controversy exceeds $250. TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a) (West 2015). It is presumed that the Legislature did not intend to make a statute jurisdictional, which presumption may be overcome only with clear legislative intent to the contrary. *See **City of DeSoto v. White**,* 288 S.W.3d 389, 393 (Tex. 2009).

In this case, the justice court ordered an appeal bond of $500 and nothing in the record indicates that the amount in controversy does not exceed $250.[3] Additionally, when a county court at law acts as an appellate court, its jurisdiction is "limited to the same jurisdictional amount in controversy as what the justice court had." ***Thibodeau v. Dodeka, L.L.C.**,* 436 S.W.3d 23, 27 n.1 (Tex. App.—Waco 2014, pet. denied). A justice court's jurisdiction in civil matters is

---

[3] The county court at law subsequently increased the bond to $2,500.

5

limited to $10,000. *See* TEX. GOV'T CODE ANN. 27.031(a)(1) (West Supp. 2016). The county court at law ordered that the seized dogs be destroyed and that Hayes pay Henderson County the sum of $2,780.00.[4] Accordingly, the record contains evidence demonstrating that the amount in controversy exceeds $250. We, therefore, conclude that because (1) subchapter A contains no express language denying or restricting the right to appeal an order to have a dog destroyed, and (2) section 51.001 provides a right to appeal a justice court's ruling when the judgment or amount in controversy exceeds $250, Hayes was entitled to appeal the justice court's order to the county court at law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001(a).

## RIGHT TO TRIAL BY JURY

Having determined that Hayes had the right to appeal the justice court's order to the county court at law, we now address whether Hayes had the right to a jury trial for his de novo appeal.

### Standard of Review and Applicable Law

A trial court's denial of a jury demand is generally reviewed under an abuse of discretion standard. *See **Mercedes-Benz Credit Corp. v. Rhyne***, 925 S.W.2d 664, 666 (Tex. 1996). That standard does not apply when the trial court's decision is based on statutory and rule interpretation. ***Manderscheid v. Laz Parking of Tex., L.L.C.***, No. 01-13-00362-CV, 2016 WL 4144518, at *5 (Tex. App.—Houston [1st Dist.] August 4, 2016, pet. filed) (mem. op.). The construction of a statute is a question of law we review de novo. ***First Am. Title Ins. Co.***, 258 S.W.3d at 631.

In justice court cases, any party is entitled to a trial by jury upon timely written request and payment of the requisite fee. TEX. R. CIV. P. 504.1. Upon the perfection of an appeal from justice court, the case must be tried de novo in the county court. TEX. R. CIV. P. 506.3. "A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial." *Id*. To be entitled to a jury trial in the county court at law, a party must properly request a jury and pay the applicable fee. TEX. R. CIV. P. 216.

"The right to jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" ***Gen. Motors Corp. v. Gayle***, 951 S.W.2d 469, 476 (Tex. 1997)

---

[4] This amount represents the daily cost of housing the three dogs incurred by the Henderson County Humane Society.

(quoting *White v. White*, 196 S.W. 508, 512 (Tex. 1917)). Article I, section 15, of the Texas Constitution guarantees the right to a jury in all actions where that right existed, either under common law or a statute. *See* **Holmans v. Transource Polymers, Inc**., 914 S.W.2d 189, 192 (Tex. App.—Fort Worth 1995, writ denied); *see* TEX. CONST. art. I, § 15. Section 15 expressly states that the right to a jury trial "shall remain inviolate." TEX. CONST. art. I, § 15.

The right to a jury trial extends to disputed issues of fact in equitable, as well as legal, proceedings. **Casa El Sol-Acapulco, S.A. v. Fontenot**, 919 S.W.2d 709, 715 (Tex. App.—Houston [14th Dist.] 1996, writ dism'd by agreement). When the case contains material fact questions, the wrongful denial of a jury trial is harmful. **Mercedes-Benz Credit Corp**., 925 S.W.2d at 667. Access to a jury need not be provided at the initial adjudication, so long as the right to appeal and the availability of a jury on appeal are secured. **Tex. Workers' Comp. Comm'n v. Garcia**, 893 S.W.2d 504, 506 (Tex. 1995). The right of trial by jury is not absolute in civil cases, but is regulated by laws and rules that specify its availability. **In re Lesikar**, 285 S.W.3d 577, 586 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); **Black v. Jackson**, 82 S.W.3d 44, 55 (Tex. App.—Tyler 2002, no pet.). Nevertheless, the denial of the right to a jury is a very serious matter and restrictions of that right will be subjected to the utmost scrutiny. **Bell Helicopter Textron, Inc. v. Abbott**, 863 S.W.2d 139, 141 (Tex. App.—Texarkana 1993, writ denied).

## Discussion

As with the right to appeal an order to have a dog destroyed, subchapter A is also silent as to the right to a jury upon appeal. Thus, we must determine whether the Texas Constitution fixes that right and if there is anything within Chapter 822 which limits that right.

We see no legal justification for the county court at law striking Hayes's timely jury request for his de novo appeal. As previously discussed, an order to have a dog humanely destroyed affects a dog owner's property rights. Private property rights existed and were protected under the common law when the 1876 constitution was adopted. *See* **Brewster v. City of Forney**, 223 S.W. 175, 176 (Tex. 1920) ("The Constitution of Texas and the decisions of her courts reveal a zealous regard for the rights of the individual citizen"); *see also* **Berg Dev. Co. v. City of Missouri City**, 603 S.W.2d 273, 275 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) ("the Texas Constitution and its interpretation by our Supreme Court, reflects the highest regard for personal property rights"); TEX. CONST. art. I, § 19 (there can be no

deprivation of property without due course of law). "Private property rights are a 'foundational liberty, not a contingent privilege.'" *Lira*, 488 S.W.3d at 304 (quoting *Tex. Rice Land Partners, Ltd. v. Denbury Green Pipeline-Texas, LLC*, 363 S.W.3d 192, 204 n.34 (Tex. 2012)). Pet dogs are property in the eyes of the law and a special form of personal property. *Id*. A forfeiture of property rights is not favored by the courts, and laws will be construed to prevent rather than to cause such forfeiture. *Id.* "It is fundamental to our system of justice and the intention and policy of the law to permit all persons to have a trial by jury of any facts affecting their property rights." *Clayton v. Clayton*, 308 S.W.2d 557, 564 (Tex. Civ. App.—Texarkana 1957, no writ).

Our review of subchapter A does not show the legislature sought to limit the right to a jury's determination of material facts required to order a dog be humanely destroyed. When it enacted the statute, the legislature had the right to eliminate or restrict the right to a jury and chose not to do so, even in the most recent amendments to the statute. *See In re Jenevein*, 158 S.W.3d at 119. The absence of language in a statute expressly allowing for a jury trial is not the same as the legislature intending to eliminate that right. *See PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex. 2004) (although "[a] statute's silence can be significant[,]" "legislatures do not always mean to say something by silence"). And, again, subchapter A involves graver consequences than subchapter D, in which the legislature expressly grants the right to a jury trial on appeal. If a provision regulating ownership of a dangerous dog allows for a jury trial, a provision involving the deprivation of one's property certainly calls for the right to a jury trial.

Additionally, "[s]tatutes are given a construction consistent with constitutional requirements, when possible, because the legislature is presumed to have intended compliance with state and federal constitutions." *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 715 (Tex. 1990). As such, we cannot construe the legislature's silence on the right to a jury trial in Chapter 822 as an intent to limit or abolish that right. *See id*. Such a construction would be inconsistent with both the Texas Constitution and the law recognizing that the right to a jury trial is fundamental in cases affecting property rights. *See Clayton*, 308 S.W.2d at 564; *see also Brewster*, 223 S.W. at 176; *see also Berg Dev. Co.*, 603 S.W.2d at 275; TEX. CONST. art. I, § 19.

We understand that the nature of Chapter 822 is to provide a process for the swift seizure of dogs who kill or seriously injure a person so as to prevent potential future attacks, and that a jury trial could delay this process. However, as previously noted, this process involves the

8

forfeiture of a person's property, particularly that of pets, which the law considers special property. *See Lira*, 488 S.W.3d at 304. Forfeiture of property is not favored and the right to a trial by jury is fundamental in cases affecting property rights. *See id*.; *see also Clayton*, 308 S.W.2d at 564. Moreover, the denial of the right to a jury trial cannot be sanctioned in any case where it reasonably appears guaranteed by the constitution, even though the public interest would be served by a speedy adjudication of the issues involved and a jury trial would necessarily involve a considerable delay. *Hatten v. City of Houston*, 373 S.W.2d 525, 533 (Tex. Civ. App.—Houston 1963, writ ref'd n.r.e.).

In this case, Hayes's dogs were seized and the justice court ordered that they be humanely destroyed. This constituted a forfeiture of Appellant's special personal property. *See Lira,* 488 S.W.3d at 304. Accordingly, Hayes's right to a jury trial upon appeal to the county court at law is guaranteed under Article I, section 15, of the Texas Constitution. *See* TEX. CONST. art. I, § 15; *see also Holmans*, 914 S.W.2d at 192. For this reason, Hayes was entitled to a jury trial for his de novo appeal, and the county court at law abused its discretion in striking the timely filed jury request and proceeding with a bench trial. Because the county court at law's order involved determination of material facts required to justify the entry of an order to humanely destroy Hayes's dogs, the wrongful denial of a jury trial was harmful. *See Mercedes-Benz Credit Corp.*, 925 S.W.2d at 664. Hayes's sole issue is sustained.

## DISPOSITION

Having sustained Appellant's sole issue, we *reverse* the trial court's Final Order and *remand* this cause to the county court at law for further proceedings consistent with this opinion.

<u>GREG NEELEY</u>
Justice

Opinion delivered March 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH , 2017

NO. 12-15-00194-CV

**DAVID HAYES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No. 1

of Henderson County, Texas (Tr.Ct.No. C-7919)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*